# Mellon v. Ashland Coca Cola Bottling Co. et al.

April 26, 1946.

Diederich & Lycan for appellant.

John W. McKenzie and ˙Eldon S. Dummit, Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

We are here again confronted with the question as to whether, under the statutory provisions of the Workmen's Compensation Act, KRS 342.001 et seq., a heat prostration, or heat stroke, is in the nature of a traumatic injury and compensable, or is a disease and noncompensable.

The appellant, Donald G. Mellon, a young man about 32 years of age, while performing his duties as an employee of the Ashland Coca Cola Bottling Company, suffered a heat stroke or prostration, on August 1, 1942. His duties seem to have been the delivery of cases of coca cola and soft drinks and the picking up of empty cases for return to the plant of the company. On the day he was stricken, he had started out with about 140 cases and, after having made his first delivery at Clyffeside, he proceeded to Stanley's Restaurant in Catlettsburg for the purpose of serving the restaurant. It appears to have been a terrificly hot day, the thermometer registering anywhere from 90 to 110 degrees Fahrenheit. He arrived at Stanley's Restaurant at about 1 o'clock in the afternoon. He had delivered four cases of coca cola from his truck and had taken out two empties and returned to the restaurant to take up two more

empties and to make up his accounts and tickets, and, while seated at the counter making out his tickets, he states everything went black before him and he fell over on the counter. Medical assistance was immediately summoned and thereafter he was sent to the hospital where he remained for 23 days. A few days afterwards a paralysis developed, which, according to the medical testimony, was caused by an intra-cranial hemorrhage, or a subarachnoid hemorrhage, resulting in total disability.

Claim was filed for compensation under the Workmen's Compensation Act. The referee and the full board on review denied and refused an award. Appeal was taken to the Boyd Circuit Court, wherein the decision of the board was sustained. The claimant appeals.

The brief of appellant herein is very comprehensive and is impressively stamped with the stylistic virtues, intense earnestness, and utter sincerity of the writer. Recognizing the fact that in the presentation of the case he runs headlong into the decision of this court in Smith v. Standard Sanitary Mfg. Co., 211 Ky. 454, 277 S. W. 806, 807, he undertakes to show the mistaken view on the part of this Court as set forth in that case. He undertakes to show that heat strokes or heat prostrations are accidents within the meaning of the Act; that under the authority of a long line of foreign cases heat prostration is not properly a disease; that under an equally impressive line of foreign decisions, heat prostration is held to be compensable; and that the Smith case stands alone without parallel or precedent against this great weight of authority.

It must be borne in mind that the cases cited in brief from other jurisdictions were based on compensation statutes in the respective states. In dealing with that very question, it was said in the Smith case above "Hence, as was pointed out in the Adkins case (Jellico Coal Co. v. Adkins, 197 Ky. 684, 247 S. W. 972) supra, decisions from other courts with reference to whether or not the injury accidentally arose out of the employment are inapplicable, and we must look alone to the language of our statute in determining the question."

Appellant takes the further position that it would be unnecessary to overrule the Smith case in view of the fact that this court has redefined the term traumatic.

It will be observed that the redefinition of the word, as referred to by the appellant, in no way affects this case.

The opinion of the Board in Full Review has been carefully analyzed. It clearly and succinctly sets out the facts and findings of the Board, and properly applies the law to the facts. In the Board's opinion it is stated:

"Therefore, the question now sharply presented is: Is a heat stroke resulting from natural heat of the day and from reasonable and customary exertion, a traumatic injury within the scope and adjudicated intent of the Statute? * * * From this evidence it is the opinion of the Board, and it now finds, that upon the occasion complained of the plaintiff sustained a hemorrhage of one of the blood vessels of the brain—probably in or of the circle of Willis—which had the effect of producing the condition and ailments from which the plaintiff now suffers and which have, in the opinion of the Board, totally and permanently disabled him for manual labor. The Board is of the further opinion and now finds that the bursting of the blood vessel and the creation of the hemorrhage were the direct and proximate result of a congenital weakness of that vessel, influenced and hastened by a heat stroke, or heat prostration."

After so finding, the Board then decided as a matter of law, under the authority of Smith v. Standard Sanitary Mfg. Co., 211 Ky. 454, 277 S. W. 806, that a heat stroke is not a traumatic injury, but a disease, and not compensable under our statute.

The appellant seems to take some comfort from the case of Wolfe v. American Rolling Mill Co., 277 Ky. 395, 126 S. W. 2d 835. The position taken by him in this case apparently parallels the position he took in that case. The Court did depart from its positive and unqualified position in the Smith case, but clearly differentiated betwen heat stroke induced by artificial causes and one produced by the natural heat of day. The Wolfe case is not decisive of anything in this case.

Despite the fact that there was some medical testimony to the effect that a heat stroke, or heat prostration, is in the nature of a traumatic injury, the weight of the evidence as disclosed by the record clearly establishes that the paralysis, from which the claimant is now suffering, was produced by disease. The medical

testimony shows that the disability was caused by an intra-cranial hemorrhage, or a subarachnoid hemorrhage, located in the brain stem, resulting from a congenital type of aneurysm of the blood vessel, or from heat prostration. The Board so found. This finding of fact we cannot disturb. The line of cases supporting this rule is entirely too long to undertake to cite them here.

The judgment is affirmed.