## ELAM v. UTILITIES–ELKHORN COAL CO. et al.

Court of Appeals of Kentucky.

April 24, 1953.

V. R. Bentley, Pikeville, for appellant.

Hobson & Scott, Pikeville, for appellees.

DUNCAN, Justice.

The only question involved on this appeal is whether or not the death of P. S. Elam was the result of a compensable accident entitling his dependents to the benefits prescribed by KRS 342.070. The Workmen's Compensation Board dismissed the claim and its order was affirmed on appeal to the circuit court.

On December 19, 1949, while employed as a carpenter foreman by the Utilities-Elkhorn Coal Company, the decedent walked up a high hill to his place of employment. Soon after his arrival he became ill and sat or lay on the ground the rest of the day, attended by his son and the other workmen. After work was completed for the day, he was carried to a truck in which he was taken to his home, where he remained in bed until December 23, 1949. In the latter part of the same month, he returned to work and continued his employment for two or three weeks. On April 16, 1950, he was operated for ruptured gastric ulcer of the stomach. The following day he had a cerebral hemorrhage and became paralyzed on one side. From the time of the hemorrhage, there was no appreciable improvement in decedent's condition, and he died on September 28, 1950.

In this case, there is not the slightest evidence to indicate any injury to decedent

arising out of and in the course of his employment. The evidence of the physicians who treated him, with as much certainty as is possible from that class of testimony, discloses that decedent was suffering from chronic nephritis and arteriosclerosis, and after the operation of April 16 a cerebral thrombosis which resulted in paralysis of the left side and a deteriorated mental condition.

■ A disability resulting from a congenital weakness or pre-existing disease, although accelerated or hastened by the reasonable and customary exertion of one's employment, is not an accidental injury within the meaning of KRS 342.005. In Mellon v. Ashland Coca Cola Bottling Co., 302 Ky. 176, 194 S.W.2d 171, 172, the plaintiff had suffered a heat stroke while delivering coca cola from his truck on an exceedingly hot day. A few days later he became paralyzed and was wholly disabled. This Court, in quoting with approval the conclusions of the Workmen's Compensation Board, said:

"Therefore, the question now sharply presented is: Is a heat stroke resulting from natural heat of the day and from reasonable and customary exertion, a traumatic injury within the scope and adjudicated intent of the Statute? * *. * From this evidence it is the opinion of the Board, and it now finds, that upon the occasion complained of the plaintiff sustained a hemorrhage of one of the blood vessels of the brain—probably in or of the circle of Willis—which had the effect of producing the condition and ailments from which the plaintiff now suffers and which have, in the opinion of the Board, totally and permanently disabled him for manual labor. The Board is of the further opinion and now finds that the bursting of the blood vessel and the creation of the hemorrhage were the direct and proximate result of a congenital weakness of that vessel, influenced and hastened by a heat stroke, or heat prostration."

■ On a question of fact, our review is limited to determining whether or not there is competent evidence of probative value to support the finding of the Board. The record not only supports the Board but compels the conclusion which it reached in this case.

The judgment is affirmed.