688

CENTRAL LUMBER COMPANY, Appellant,

v.

Everett WOOD et al., Appellees.

Court of Appeals of Kentucky.

Dec. 2, 1955.

Richardson & Barrickman, Uhel O. Barrickman, Glasgow, for appellant.

Philip H. Wilson, Glasgow, for appellees.

PER CURIAM.

The judgment of the trial court affirmed an award by the Workmen's Compensation Board which compensated Everett Wood for disability due to heat exhaustion induced by the natural heat of the day.

On two occasions this Court has stated that a heat stroke produced by the natural heat of the day was not a traumatic injury, but rather a disease and therefore not compensable under our statute. Smith v. Standard Sanitary Mfg. Co., 211 Ky. 454, 277 S.W. 806; Mellon v. Ashland Coca Cola Bottling Co., 302 Ky. 176, 194 S.W.2d 171. The Smith case, which was the sole authority relied upon in the Mellon case, expressly stated that heat strokes are due to *exposure* to excessive heat.

KRS 342.005(1) provides for recovery for a "personal injury by accident," but defines that term to exclude any disease unless it is the natural and direct result of a traumatic injury by accident. In the recent case of Adams v. Bryant, Ky., 274 S.W.2d 791, this Court concluded that shock, overexertion and *exposure* were personal injuries within the scope of KRS 342.005(1). Since the case involved exposure unaccompanied by traumatic injury, the Court held, in effect, that exposure is not a disease. To that extent, the Court departed from its prior decisions in the Smith and Mellon cases.

On the authority of our decision in Adams v. Bryant, Ky., 274 S.W.2d 791, we are affirming the judgment of the trial court.

The motion for an appeal is overruled, and the judgment is affirmed. Judge SIMS dissenting for reasons stated in his dissent in the Adams case.