## Rusch v. Louisville Water Company and Workmen's Compensation Board.

(Decided February 10, 1922.)

### Appeal from Jefferson Circuit Court (Common Pleas, Fourth Division).

1. Appeal and Error—Findings of Workmen's Compensation Board. —The findings of fact by the Workmen's Compensation Board, if supported by credible evidence, will not be disturbed on review by the courts but will be given the same force and effect as the verdict of a properly instructed jury.

2. Appeal and Error—Findings of Workmen's Compensation Board. —Where there is no issue of fact or where the facts are undisputed the finding of the compensation board thereon becomes a question of law, subject to review by the courts with respect to its effect as applied to the rights of the claimant.

3. Master and Servant—Workmen's Compensation Act.—Where an employe ascended a ladder to close a valve, and after closing it, descended the ladder, went to a window near the door of the plant, walked out the door for a few steps and fell to the ground dead, his death was not the result of traumatic injury by accident within the meaning of the workmen's compensation act and compensation for it cannot be allowed.

4. Master and Servant—Workmen's Compensation Act.—Accidental injury under the workmen's compensation act does not include disease except where the disease is a natural and direct result of traumatic injury by accident nor does it include pre-existing disease.

5. Master and Servant—Workmen's Compensation Act—Findings.— The facts found by the compensation board bring this case within the clause excluding liability for disease not the natural and direct result of traumatic injury by accident.

S. A. ANDERSON for appellant.

CHARLES W. MORRIS for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Allen Rusch, the husband of appellant, Margaret Rusch, was an employe of the appellee, Louisville Water Company, at the time complained of in this action. The water company was then operating under the provisions of the workmen's compensation act, which had been accepted by Rusch.

On April 4, 1918, a valve connected with the steam boiler where Rusch was working blew out and he with another employe ascended the ladder to close the opening. After closing it he descended the ladder, went to a window

near the door of the plant, walked out the door for a few steps, staggered and fell to the ground dead. The appellant, as the dependent widow of the deceased, filed claim before the Workmen's Compensation Board asking for compensation as a dependent under the workmen's compensation act. The board found that:

"1. The death of decedent was not the result of traumatic injury by accident but was due to pre-existing disease of the heart.

"2. Over excitement and hurry at a critical moment taken in connection with a diseased heart caused the heart to fail."

The board also ruled that the burden of proof was on claimant to show that the accident arose out of and in the course of the employment and that the death of Rusch was not the result of pre-existing disease. The claim was dismissed.

Appellant, as provided by the act, appealed to the circuit court for a review of the order of the board. By appropriate pleadings in that court the issues were made up but on a hearing, on the evidence adduced before the board, the decision of the board was sustained and the petition dismissed. On this appeal it is argued that the judgment should be reversed on the ground that the death of decedent resulted from an accident arising out of and in the course of his employment.

This ground of reversal raises a question to be determined by an application of section 4880, Kentucky Statutes, defining accidents for which there is liability against the employer, and excluding therefrom death or disability resulting from pre-existing disease or disease not the natural or direct result of traumatic injury.

Conforming to the language of the compensation act this court is committed to the rule that the findings of fact by the compensation board, if supported by credible evidence, will not be disturbed on review by the courts. The findings of the board as to questions of fact are to be given the same force and effect as the verdict of a properly instructed jury. (Hollenbach v. Hollenbach, 181 Ky. 262; Bates & Rogers Construction Co. v. Allen, 183 Ky. 815; Valentine v. Weaver, 191 Ky. 37; Andrews Steel Co. v. McDermott, 192 Ky. 79.)

We have also held in the Allen case, *supra,* that where there is no issue of fact or where the facts are undisputed, the question on the facts then becomes one of law, and the

finding of the board is a finding of law subject to review by the courts, with respect to its effect as applied to the rights of the claimant.

In this case the board found that the death of Rusch was not the result of traumatic injury by accident but was due to pre-existing disease of the heart, and, further, that excitement and hurry at a critical moment taken in connection with a diseased heart caused the heart to fail. There is no question of the accuracy of these findings, nor is there any contrariety in the evidence by which they are shown to exist. The single inquiry then is as to their legal effect.

Section 4880, Kentucky Statutes, fixes liability against the employer in applicable cases for personal injuries sustained "by accident arising out of and in the course of his employment, or for death resulting from such accidental injury; provided, however, that personal injury by accident as herein defined shall not include disease except where the disease is a natural and direct result of traumatic injury by accident, nor shall they include the results of a pre-existing disease."

The clause quoted provides that injury by accident, for which compensation is allowed, shall not include disease not the natural and direct result of traumatic injury by accident, nor shall it include the results of pre-existing disease.

Our attention has not been directed to any case in which a statute, containing the exception referred to, has been construed, but the argument is advanced that the death of decedent was accidental, in that it resulted from the blowing of the valve from the steam boiler. On that point, however, the finding of the compensation board was against appellant. The finding was that the death was not the result of traumatic injury by accident but was due to a pre-existing disease of the heart. The liability created by the statute for injury or death resulting from accident, arising out of and in the course of employment, is explicitly defined as excluding disease except where the same is the natural and direct result of traumatic injury by accident. There is no claim here of any traumatic injury.

The legal effect of the facts found by the board brings the case directly within the exception mentioned. The language of the statute is too clear to admit of doubt as to its meaning. Whatever the legislature may have in-

tended to do, it clearly expressed the purpose of relieving the employer from liability in cases of this kind. Unfortunate as was the death of Rusch, his dependents are bound by the statute, which denies to them compensation. We, therefore, concur in the view adopted by the compensation board as to the legal effect of the established facts.

The conclusion reached obviates the necessity of determining on this appeal whether the burden of proof was on claimant to show that Rusch's death did not result from a disease for which there is no liability. The facts found by the board are uncontradicted and their legal effect alone is pertinent here. Finding that they were given the proper effect by the court below the judgment is affirmed.