## Wallins Creek Collieries Company, et al. v. Williams, et al.

(Decided November 13, 1925.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Evidence Showed that Death was Caused by Prior Diseased Condition of Heart.—In proceeding under Workmen's Compensation Act, held under the evidence that neither compensation board nor court was authorized to find that deceased came to his death from any other cause than a prior diseased condition of the heart, known as angina pectoris.

2. Master and Servant—Findings of Compensation Board, Unsupported by Evidence, Not Conclusive.—Findings of compensation board, not supported by evidence, may be disregarded by courts and case determined upon what undisputed evidence shows the facts to be.

3. Master and Servant—Death from Diseased Condition of Heart Held Not "Traumatic Accident" within Compensation Act.—Where death of employe after exertion in shoeing mule was undisputably shown to be from angina pectoris, a prior diseased condition of the heart, held that such heart failure was not a traumatic accident within meaning of Workmen's Compensation Act (Kentucky Statutes, section 4880).

SAMPSON & SAMPSON and C. T. DOTSON for appellant.

J. S. FORESTER and G. G. RAWLINGS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

A. C. Williams, who was 49 years of age and was married, with a family, was the superintendent of the appellant, Wallins Creek Collieries Company, at its coal mine in Harlan county. On July 21, 1923, at about 9:30 o'clock a. m., he engaged in assisting the blacksmith of the company in shoeing a mule, which was somewhat recalcitrant and difficult to manage. A rope was tied to the foot of the mule and it was held by Williams while

the blacksmith shod it. Both parties engaged in the undertaking became quite warm and freely perspired, as well as exerted themselves more or less. After the work was completed Williams sat down and complained of being sick, but he was soon called to the telephone and went to it when he again sat down and made the same complaint. He was taken home and a physician was called who found him suffering with pains in his heart, and he lingered until the early part of the evening when he died. His dependents made application to the Workmen's Compensation Board, under which he and his employer were operating, upon the ground that his death was the direct result of an accident arising out of and in the course of his employment. The employer and its indemnity company resisted the award upon the ground that the death of Williams was the result of angina pectoris, which is a well developed and certain symptom of a diseased condition of the heart. The board rendered an award to the widow and infant children of $12.00 per week for 335 weeks. Within due time and in proper form the employer petitioned the Harlan circuit court for a review of the award, and that court dismissed the petition and affirmed the award; and to reverse its judgment the appellants prosecute this appeal.

There is practically no conflict in the testimony; which was, in substance, that the deceased was to all appearance, an ordinarily healthy man prior to the day of his death, with the exception that he was occasionally afflicted with rheumatism. The local physician, who was called soon after decedent went to his home, when asked the cause of the suffering of the patient in the region of the heart said, ''It seemed a typical case of angina pectoris and dilation of the heart,'' and he administered a hypodermic to relieve the pain. When asked to state to what he attributed the death of Williams, he said, ''That is what I attribute it to—the attack of angina pectoris. Of course, his death following the dilation of the heart.'' He then explained that angina pectoris is a symptom of a rather advanced stage of a diseased condition of the heart, and which diseased condition is of the coronary arteries furnishing blood to the heart. The only other physician witnesses in the case, who were eminent ones in their profession, agreed with the local one, and stated that from the description given by the latter there was no doubt of the decedent's prior diseased condition producing the present symptoms of angina pec-

toris, and that there was a dilation of decedent's heart that produced his death. As stated, the evidence of the physicians was all there was upon the subject, and there is nothing contradicting it. So that, neither the board nor the court was authorized from any evidence in the case to find that decedent came to his death from any other cause than a prior diseased condition of the heart, which, according even to the local physician who was the most favorable one to the dependents, was "a chronic condition of the blood vessels feeding the heart," and that the attack of angina pectoris was perhaps superinduced by the over-exertion, and all the evdience is to the effect that but for the presence of the disease there would have been no death or serious consequences. The question, therefore, is: Whether the occurrence, happening as described, is an accident within the meaning of the compensation act and for the consequences of which compensation may be made, and even so, should the existing disease be eliminated from the case and full compensation awarded?

We had before us in the case of Rusch v. Louisville Water Company, 193 Ky. 698, a state of facts which in all of their material aspects were to our minds on all fours with those here presented. There the employee became over-excited, as well as to some extent over-exerted, because of a blowout occurring to some of the machinery about which he was working and his consequent efforts to repair it. Directly afterwards he staggered and fell to the ground dead. In the opinion it is said, "In this case the board found that the death of Rusch was not the result of a traumatic injury by accident but was due to pre-existing disease of the heart, and, further, that excitement and hurry at a critical moment taken in connection with a diseased heart caused the heart to fail. There is no question of the accuracy of these findings, nor is there any contrariety in the evidence by which they are shown to exist. The single inquiry then is as to their legal effect." The board did not so expressly find in the instant case, but there was no evidence upon which it could base any other finding, and its conclusion to the contrary is not supported by any evidence; in which case its findings may be disregarded by the courts and the case determined upon what the undisputed evidence in the case shows the facts to be, and we find them under the uncontradicted testimony to be the same as those which it did find in the Rusch case. That opinion quoted the

proviso to the first paragraph of section 4880, which is section 1 of the compensation act, saying, "Provided, however, that personal injury by accident as herein defined shall not include disease except where disease is the natural and direct result of a traumatic accident, nor shall they include the result of a pre-existing disease;" and then the opinion proceeded to say, "The liability created by the statute for injury or death resulting from accident, arising out of and in the course of employment, is explicitly defined as excluding disease except where the same is the natural and direct result of traumatic injury by accident. There is no claim here of any traumatic injury. The legal effect of the facts found by the board brings the case directly within the exception mentioned." In that case the judgment of the circuit court on a petition for a review, denying compensation, was affirmed.

But it is argued that this case should be differentiated from that one, because, it is said, that a post-mortem examination was made in that case from which it was demonstrated that the employee was suffering from a pre-diseased condition of the heart. The opinion does not disclose that fact, but if it were true it could have no material effect upon the case, since the post-mortem, if it occurred in that case, was only evidentiary, and only served to conclusively show the pre-existing disease; while here, as we have seen, the evidence is all one way upon the fact of the existence of that disease.

Neither do the facts of this case bring it within the doctrine of the cases of Robinson-Pettet Co. v. Workmen's Compensation Board, 201 Ky. 719, and Employers' Liability Assurance Corporation v. Gardner, 204 Ky. 216, and B. F. Avery & Sons v. Carter, 205 Ky. 548, wherein the results of the injuries were apportioned between that which was produced by the prior disease and that which was produced by the accident, and compensation allowed for the latter only, since in each of those cases the alleged accident was not only an admitted and indisputable one, but it was a *traumatic* injury, which was found to cooperate with the prior existing disease to bring about the final result.

It is exceedingly doubtful if what happened to the employe, Williams, in this case could be classified as an accident, it being our opinion that it could not; but without determining that question (it not being necessary)

it was certainly not a traumatic accident so as to permit the apportioning of the compensation and allowing an award for whatever was produced by it.

It is, therefore, clear that the court erred, as did also the board, in awarding compensation, and the judgment is reversed with directions to the board to dismiss the application.