## Coleman Mining Company v. Wicks, et al.

(Decided February 19, 1926.)

### Appeal from Bell Circuit Court.

1. Master and Servant—Findings of Compensation Board on Evidence Conclusive on Courts.—In absence of fraud or mistake, findings of the Workmen's Compensation Board, supported by any evidence, are conclusive on courts.

2. Master and Servant—Compensable Accident Provable by Circumstantial Evidence.—Compensable accident, within Workmen's Compensation Act, may be proved by circumstantial evidence.

3. Master and Servant—Evidence Held to Show Death from Rupturing of Blood Vessel was Caused by Overexertion.—Evidence held to sustain finding that death of coal miner from rupturing of blood vessel in his brain was caused by overexertion in the course of his employment, and not from disease.

4. Master and Servant—Widow Conclusively Presumed Wholly Dependent on Husband, and Her Willingness to Divide Award with Grandchildren is Not Prejudicial to Employer.—Surviving widow, in absence of showing that she abandoned husband, is conclusively presumed to be wholly dependent on him, and is entitled to statutory compensation on such basis, and her willingness to divide award with grandchildren is not prejudicial to employer regardless of whether they are entitled to any part thereof.

A. G. PATTERSON and J. WOODFORD HOWARD for appellant.

J. M. GILBERT and MORRIS & JONES for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is an appeal from the judgment of the Bell circuit court affirming an award of the Workmen's Com-

pensation Board in favor of Tena Wicks and others against the appellant, the Coleman Mining Company.

Appellant insists that the award of the board is erroneous in that the death of Monroe Wicks for which his widow, Tena Wicks, and his grandchildren, the other appellees herein, were given compensation, was not the result of any traumatic injury but was occasioned solely by a pre-existing disease. Appellant also contends that the record fails to show that the grandchildren were dependents of the deceased.

Addressing ourselves to the first of these two contentions, we must again restate the principle, well settled and steadily adhered to, that if there is any evidence to support the findings of the compensation board, such findings, in the absence of a claim of fraud or mistake, are conclusive and binding upon the courts. Hazard Blue Grass Coal Corporation v. Scott, 206 Ky. 759, 268 S. W. 548; Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34; Furnace Coal Mining Co. v. Carroll, 212 Ky. 1, 278 S. W. 171. The necessity for this restatement of the rule arises out of the fact that the brief of counsel for appellant in many places seems to be bottomed on the theory that this court will re-examine the proof as we do in an equity case and reach such conclusions therefrom as we think the evidence establishes. But such is not the law.

It is also the rule in this state that an accident may be proved by circumstantial evidence. Big Elkhorn Coal Co. v. Burke, 206 Ky. 489, 267 S. W. 142; Black Mountain Corporation v. Humphrey, 211 Ky. 533, 277 S. W. 833.

With these rules in mind, we find that there was evidence in the record that Monroe Wicks came to his death by reason of an accident arising out of and in the course of his employment and that the death was not the result of any disease, pre-existing or otherwise, although there was ample evidence to the contrary. The lay associates of Wicks testified that up to the time of his death, he was, to all outward appearances, a healthy man, free from any evidence of heart trouble or disease. His mine buddy, John Sellards, testified that on the day of Wicks' death, they entered the mine together and went to work getting down some coal; that Wicks seemed well and healthy; that in doing their work, they used a coal cutting machine weighing some 750 pounds; that after they had finished with the machine they moved

it back on to some boards provided for that purpose; that these boards rested on one end upon a trestle making the grade up which they had to push the machine some twenty per cent; that as they pushed the machine up the grade their footholds gave away and it started to come back upon them, whereupon they had to exert a very hard push to keep the machine from running back down the boards; that this push involved quite a strain; that in about ten minutes, Wicks, who had in the meantime been loading coal into a coal car, began to complain of pains in his breast, stomach and head; that he thereupon got the motorman who operates the coal cars in the mines to come and get Wicks, but before they could get Wicks to the outside he was dead. An autopsy performed the next day disclosed that Wicks had died from a ruptured blood vessel in the brain. Dr. Mason Combs, on being recalled, testified, in answer to a hypothetical question detailing what happened in the mine, that the heavy strain which Wicks was put to was well calculated to bring about hemorrhage of the brain as disclosed by the autopsy. Dr. Edward Wilson gave it as his opinion in answer to a like hypothetical question that the hemorrhage was "due to that violent lifting—physical exertion." Dr. M. D. Hoskings gave similar testimony. Appellant's evidence tended to establish that Wicks had an enlarged heart and had been suffering from heart disease for a long while before the day of his death and that the hemorrhage of his brain, the admitted cause of his death, was brought about by hardened arteries unable to withstand the extra pressure from the blood caused by the enlarged heart. But, as stated, we are confined on appeal to an examination of whether or not there is any evidence to support the board's findings of fact and are not at liberty to weigh the evidence adduced. The board found that Wicks' death was caused by the hemorrhage of the brain, which was brought about by the extra strain he had endured in pushing the coal cutting machine up the boards. There was evidence to sustain such finding, as we have outlined above. Such finding is therefore conclusive. It is this aspect of the case which distinguishes it from the cases of Wallins Creek Collieries Co. v. Williams, 211 Ky. 200, 277 S. W. 234, and Rusch v. Louisville Water Co., 193 Ky. 698, 237 S. W. 389, so confidently relied upon by appellant. In the Williams case, the medical testimony was that Williams came to his death because

of an attack of angina pectoris, which is a symptom of a rather advanced stage of a diseased condition of the heart. The opinion states: ''The evidence of the physician was all there was upon the subject and there is nothing contradicting it. So that neither the board nor the court was authorized from any evidence in the case to find that decedent came to his death from any other cause than a prior diseased condition of the heart.'' In the Rusch case, the opinion says that the compensation board found that the death of Rusch was not the result of a traumatic injury by accident but was due to pre-existing disease of the heart, and that there was no question of the accuracy of these findings nor was there any contrariety in the evidence by which they were shown to exist. Thus we see that in these two cases there was no evidence upon which the board could have found that the death was occasioned by other than a diseased heart. But in this case there was evidence to establish that the ruptured blood vessel, which admittedly caused the death, was brought about by the strain which Wicks sustained, and the board was authorized to so find, although there was evidence from which it might have found to the contrary. We therefore conclude that there is no merit in appellant's first contention.

As to its second, the apportionment of the award cannot be prejudicial to appellant. In Rockhouse Coal Co. v. Collins, 212 Ky. 137, 278 S. W. 540, we held that a surviving widow, in the absence of a showing that she has abandoned her husband, is conclusively presumed to be wholly dependent upon him. To the same effect is Jones v. Louisville Gas & Electric Co., 209 Ky. 642, 273 S. W. 494; Layman-Calloway Coal Co. v. Martin, 209 Ky. 690, 273 S. W. 496. There is no claim here that Tena Wicks had abandoned her husband and therefore she is conclusively presumed to have been wholly dependent upon him. It results that the appellant is at least under obligation to pay the compensation provided by the statute to Tena Wicks, and that she is willing to divide it with her grandchildren cannot be prejudicial to appellant. Even if the grandchildren be held not to be entitled to any part of this award, that will avail the appellant nothing, for it will then be compelled to pay it wholly to Tena Wicks.

Perceiving no error prejudicial to appellant's substantial rights, we hold that the judgment of the circuit court should be and it is affirmed.