## Louisville Cooperage Co. v. Bailey et al.

(Decided April 26, 1938.)

314

ROY HELM and DAVIS, BOEHL, VISER & MARCUS for appellant.

I. A. BOWLES for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

The Louisville Cooperage Company is appealing from a judgment of the Knott circuit court affirming an award of the Workmen's Compensation Board against it in favor of Malcomb Bailey adjudging that he recover the sum of $3 per week until that sum produced the equivalent of $2.34 per week for 335 weeks for permanent partial disability. While members of the Compensation Board are also made appellees, we shall, for convenience, refer to Bailey as appellee.

It is the contention of appellant that appellee was not employed by it when he sustained his alleged injuries, but by a partnership composed of F. N. Richardson and G. C. Campbell who were independent contractors. As revealed by the record, Richardson and Campbell, who were engaged in manufacturing staves in Knott county, entered into a contract with appellant to furnish it a large number of staves.

Appellee was employed at the stave mill, and while wheeling some waste from the mill up an incline in a wheelbarrow slipped and fell. The wheelbarrow came back, and one of the handles struck and injured him so as to cause a hydrocele in the left side of the scrotum. He testified that he had continued to suffer pain from this injury, and that it had incapacitated him from doing any but light work. His attending physician, Dr. Pigman, testified fully concerning the nature of the injury, and stated that it disabled appellee to the extent of from 30 to 50 per cent. Physicians introduced by appellant testified to a much lower degree of disability. As indicated by evidence of physicians, it has been necessary at times to draw off the fluids from the scrotum and a cure can be effected only by an operation.

From the foregoing it is apparent that the evidence was sufficient to sustain the board's finding that appellant's injury arose out of and in the course of his employment and as to the degree of disability. So the only question remaining to be determined is whether

the evidence is sufficient to sustain the board's finding that appellee was an employee of appellant at the time he suffered his injury.

While appellee testified that he was employed by the Louisville Cooperage Company, he later testified that either Campbell or Richardson hired him, and he received their checks covering his wages. The evidence of Richardson and Campbell and of E. A. Thompson, treasurer of appellant, is to the effect that the Louisville Cooperage Company had no interest in the stave mill, and had no control over its operation or its employees, but appellant would advance money when requested to do so by Richardson and Campbell and furnished them some machinery, the price of which was deducted from the amount due for staves furnished. Appellant took out insurance covering the mill, but whether it was taken out in its name or in the name of Richardson and Campbell does not appear. It sent to Richardson and Campbell a compensation register with its name stamped at the top of the pages, and this register was signed by appellee. Dr. Pigman testified that he was physician for the Carr's Fork Coal Company at the time Richardson and Campbell were operating the mill, and that they asked him to take care of any of their injured employees, which he did; that appellee was sent to him after he sustained his injuries, and that he treated him for some time, but appellant became doubtful about his diagnosis and had appellee sent to Dr. Hagan at Hazard. Dr. Pigman stated that he made out his bills for treatment for appellee and sent them to the Louisville Cooperage Company and received pay through them, but that he was not positive as to whether the checks covering the bills were on appellant or on the insurance company which issued the policy. The report of the injuries made to the Compensation Board gives the name of the employer as the Louisville Cooperage Company, but the report is signed "Louisville Cooperage Company, by F. N. Richardson." Mr. Thompson, treasurer of the company, testified that he did not know whether appellant received notice of the injury or not, but made no denial of the evidence for appellee that appellant sent him to a hospital at Hazard for treatment, or that the reports of Dr. Pigman concerning the condition of appellee and bills for treatment were sent to appellant. It is not denied that appellant took out insurance to cover em-

**316**

ployees of the stave mill. The policy was not introduced in evidence, nor does it appear to whom it was made, but there is evidence that the premiums were deducted from bills to Richardson and Campbell. Mr. Campbell's evidence was merely to the effect that the only business relation between appellant and Richardson and Campbell grew out of the contract between them which embodied the order for staves to be furnished at designated prices.

It is an established rule that, in the absence of claim and showing of fraud or mistake, findings of the Compensation Board are conclusive and will not be disturbed by courts, if supported by any competent and relevant evidence. Coleman Mining Company v. Wicks, 213 Ky. 134, 280 S. W. 936; Farmer Motor Company v. Smith, 253 Ky. 151, 69 S. W. (2d) 1; Black Mountain Corporation v. Strunk, 263 Ky. 234, 92 S. W. (2d) 66.

While there is evidence of a persuasive character to sustain appellant's contention, the conduct of the parties following the accident and undenied facts and circumstances point the other way and indicate that appellant was or did in fact assume the role of employer. In such circumstances the court would not be authorized to disturb the award of the Compensation Board, since there is some evidence of probative consequence and value to sustain it.

Judgment affirmed.