## Black Mountain Corporation v. Smiddy et al.

May 21, 1940.

J. S. Forester, Judge.

J. B. Snyder for appellant.

Golden & Lay for appellees.

Opinion of the Court by Creal, Commissioner—
Affirming.

This appeal is from a judgment of the Harlan circuit court affirming an order of the Compensation Board awarding appellee compensation in the sum of $13 per week for a period of 21 weeks for total temporary disability and thereafter in the sum of $6 per week for a period of 335 weeks less 21 weeks of temporary total disability with interest on all past-due payments subject to credit by any sums theretofore paid to appellee by appellant for his injuries.

The application was first heard before the Honorable Rodes K. Myers, a referee, who in a clear, concise opinion reviewed at length all the facts and circumstances and awarded compensation as above indicated, and on full board review his award was affirmed and adopted as the finding and award of the board.

On appeal to the circuit court appellant filed a petition and amended petition in which it was alleged in effect that the board acted without and in excess of its powers and authority for a number of reasons unnecessary to enumerate and further alleged that appellee recovered from the first injury for which award was entered, returned to work for appellant and worked until

October 17, 1938, when he received a second injury which incapacitated him for work and for which appellant furnished him treatment and had paid and was then paying him total disability of $15 per week from October 17, which covered the same period of time as the award of the board appealed from; that appellee was entitled to disability for only one injury, which was being paid him, and there had been no adjudication before the board of the second injury.

In the amended petition it was alleged that since the filing of the original petition appellee had filed before the board an application for adjustment of claim for injuries received in October, 1938, and that appellee was not entitled to an adjudication by the court of the award for the first injury until the board acted upon the second injury; that the two injuries should be considered together by the board and one adjudication made for appellee; that unless this was done appellant was liable to have to pay double compensation for some period of time; that the board had been informed that defendant had received a second injury on October 14, 1938; that appellee had been paid total temporary disability from the date of the second injury amounting in all to $615 and for the same time covered by the award; that all that was done by the board was in fraud of the rights of plaintiff.

Appellee traversed the allegations of the petition and demurred to the petition as amended. The court sustained the demurrer to the petition as amended and entered the judgment appealed from.

In brief for appellant it is argued in substance that the refusal of the board to require the application for the second injury to be filed and adjudicated with the first injury amounted to fraud upon part of the board; that appellee having returned to work and being paid as much or more than he was before the accident eliminated the question of permanent disability; that the judgment of the circuit court directing the board what to do in the second case was unauthorized and that all injuries of the applicant against the same defendant should be encompassed in one action.

The undisputed facts are that appellee was working for appellant at the time he sustained his injuries and that the accident arose out of and in the course of his

employment and no question is raised about notice of the accident.

The evidence of appellee and his witnesses is to the effect that his clothing was caught by a set screw or bolt on a revolving shaft; that he was drawn into the machinery, sustaining injury to both legs and with the skin and flesh torn from his left leg. He was unable to do anything at all for over 5 months. He testified that he still suffered pain in his legs and was unable to do ordinary manual labor. The evidence of a physician who attended him is to the effect that the left leg is smaller and the muscles atrophied and partially paralyzed. He fixed the disability of appellee at 75 per cent. The physician and surgeon for appellant did not rate the injury of appellee so seriously as did the physician who testified for appellee but fixed the degree of disability at 25 per cent. There was evidence that more than 5 months after appellee sustained his injuries he worked for the company sticking pasters on lumps of coal but the evidence indicates that this required little physical exertion; that for this he was paid about the same wage that he was for the work he had done before he sustained his injuries. The evidence does not disclose how long he had been at work and he stated that he had been laid off, as we gather, because of decreased activity in the mines. The doctor introduced by appellant testified that the day before he gave his evidence appellee sustained a second injury while at work for appellant and possibly some other witnesses made reference to this second injury but there was no other evidence concerning it. All other evidence concerning the second injury or any compensation paid appellee by appellant therefor, and the application for compensation because of it, appears in depositions taken on the petition and amended petition filed in the circuit court.

It is a rule of unvarying application that in the absence of fraud or mistake the compensation board's finding of fact supported by any competent evidence of probative effect is conclusive. Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S. W. 936; Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34. And the court will not disturb such finding unless there is an entire absence of evidence to support it. It is not denied that appellee sustained a rather severe and painful injury and there was ample evidence to support the

finding concerning the degree and probable duration of the injury. The evidence shows the wages of appellant to be sufficient to sustain the amount of the award. The most difficult question and the one apparently giving the referee most concern was that concerning appellee's return to work something over 5 months after sustaining the injury. His finding was deduced from the evidence in this particular on the probability of appellee not being able to retain his present job and the incapacity to secure other employment and the evidence concerning the degree of his disability. From the evidence as a whole we would not be authorized to disturb the finding of the referee and the board in this particular, (see Leckie Collieries Co. v. Branham, 275 Ky. 748, 122 S. W. (2d) 776) and the finding is conclusive and binding upon the court. If there has been such a change in conditions as works a hardship or injustice upon appellant it was not without remedy since under Section 4902 it may have the application opened up and reviewed by the board. There is absolutely no showing of fraud or questionable conduct upon the part of the board in making the award appealed from. Under Section 4935 of the Statutes no new evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of the act and affecting the order or award, and the court should hear and determine the cause upon the record as certified by the board. The evidence on the application as above indicated merely discloses that on the day before the physician for appellant testified, appellee received a second injury. In such circumstances the circuit court properly determined the appeal on the record certified by the board and in the absence of any showing of fraud could not consider the evidence taken on the petition as amended or try the case anew. It will be noted that the judgment of the circuit court did not attempt to direct the board what to do in determining the matter of compensation for the second injury but merely indicated that the court on appeal and in the circumstances could not determine the matter but that the board on the hearing of the second application for compensation could and should take into consideration the matters referred to in the petition as amended; and the statutes fully bear out that conclusion.

Judgment affirmed.