## HARLAN–WALLINS COAL CORP. v. LAWSON et al.

Court of Appeals of Kentucky.

Oct. 19, 1951.

James Sampson, Edward G. Hill, Harlan, for appellant.

George R. Pope, Harlan, for appellees.

CAMMACK, Chief Justice.

This is an appeal from a judgment approving an award of the Workmen's Compensation Board allowing Frank M. Lawson compensation for permanent total disability for a hernia. We are asked to reverse the judgment on the grounds that (1) Lawson was not injured by reason of an accident arising out of and in the course of his employment; and (2) the Board failed to make a finding of fact as to the disability sustained by Lawson.

Lawson said he sustained his injury during the first night he worked in the Coal Corporation's mine. He said he was down on his hands and knees sorting rock from the coal which he was loading. He was pitching the rock to the left, some pieces of which were "pretty good size slugs," and "awfully heavy." While so engaged he felt a sharp pain in his left side which "hit me like a knife cutting me, made me right sick." Prior to this time, he had no hernia on his left side. The incident was duly reported.

■ ■ The appellant contends that it is not sufficient simply to prove an injury to an employee, but that it must be shown that the disability resulted from a traumatic injury by accident. We take a different view of the case. Lawson described what he was doing, how he was performing his work, and said that, during the course of it, he felt a sudden, sharp pain in his left side. A hernia resulted. Should the reasoning of the appellant be accepted, it would be extremely difficult to show that a hernia resulted from the traumatic injury except in instances where the hernia was the result of an actual blow to one's abdomen.

We are in accord with the view that the Board failed to make a finding of fact as to the disability sustained by Lawson. In its order of April 4th, the Board said: "Instead of making an award at this time we think it is only proper to afford the defendant an opportunity to provide the plaintiff with a competent surgical treatment by radical operation; as is provided by Kentucky Revised Statutes 342.025. No offer has been made by the defendant to provide the plaintiff with an operation, and this is readily understood because, consistent with the defendant's contention that the plaintiff was not injured while working for the defendant, it would not, as a matter of course, want to offer an operation, but now that we are deciding that the injury did result to the plaintiff while engaged in working for the defendant, and as the doctor's testimony shows that the plaintiff is able to withstand an operation, and the doctor advises it, we think it is only proper to afford the defendant an opportunity to offer the plaintiff an operation, and this action will be continued until the next regular meeting of the Board, at which time an award will be made un-

less the defendant has reported to the Board that it has offered the plaintiff an operation. It is quite possible that the defendant may want to appeal from this decision, and, in that event, we assume that the defendant will not offer an operation and will await the entry of an award."

The finding of facts follows:

"1. On January 19, 1948, the plaintiff, while working for the defendant, received an injury in the course of and resulting from his employment with the defendant, and from which a hernia resulted, and that said hernia appeared suddenly and immediately following the injury, and that said hernia did not exist in any degree prior to the injury for which the plaintiff claims compensation.

"2. The parties were each working under the terms of the Kentucky Workmen's Compensation Act at the time the plaintiff was injured.

"3. The wages of the plaintiff were sufficient to justify the maximum recovery of compensation, if an award for compensation is ultimately made.

"4. The plaintiff gave due and timely notice of his injury to the defendant."

While we are unable to find in the record a copy of the order of the Board entered on April 18th, it seems to be conceded that the following order was entered: "It appearing that the defendant has been given an opportunity to offer to the plaintiff competent surgical treatment by radical operation and has failed to do so: it is now ordered that pursuant to the opinion findings and rulings of April 4, 1950, the plaintiff, Frank M. Lawson, recover of the defendant, Harlan Wallins Coal Corporation, compensation at the rate of $18.00 per week, during the period of total disability, but not longer than ten years from the date of injury and not to exceed the maximum sum of $9,000.00 with interest on all due and unpaid installments at the rate of 6% per annum. That said plaintiff recover of said defendant for medical expenses incurred not to exceed $400.00."

The foregoing quotation is taken from what appears to be a copy of a letter from the executive secretary of the Board to the attorneys in the case dated April 19, 1950.

The order of April 4th contained no finding of fact as to the extent of Lawson's disability, though it did set forth that he had a compensable hernia. The order of April 18th merely made reference to the order of April 4th, and made an award on the basis of total disability.

Under the circumstances we think the case should be remanded to the Board so that it may have an opportunity to make the appropriate orders in the case.

Judgment reversed.