**TOTZ COAL CO. v. CREECH et al.**

Court of Appeals of Kentucky.

Dec. 21, 1951.

James Sampson, Edward G. Hill, Harlan, for appellant.

George R. Pope, Harlan, for appellees.

LATIMER, Justice.

The Totz Coal Company appeals from a judgment of the Harlan Circuit Court affirming an award of the Kentucky Workmen's Compensation Board in favor of appellee, Oscar Creech. The sole question presented here is whether or not appellee received an accidental injury arising out of and in the course of his employment for which compensation may be awarded under the Workmen's Compensation Act, KRS 342.001 et seq.

Appellee was injured while working in the mines of appellant. At the time of in-

jury, he was unloading "jack timbers" from a coal car under a low ceiling. While lifting this heavy timber he claims to have felt "something tear loose in his abdomen near or just a little below the stomach", with resultant continuous internal hemorrhaging. Claim for adjusted compensation was filed before the Workmen's Compensation Board. Appellant denied liability, contending that appellee's condition was due to either a pre-existing ulcerated stomach or intestines.

In his application before the Workmen's Compensation Board appellee claimed and prayed for an award based upon total and permanent disability. After a hearing, the referee found that prior to the injury the plaintiff was suffering from a pre-existing ulcerated condition of his stomach and bowels causing a disability of 50% to the body as a whole and awarded compensation accordingly.

The above finding of fact was based upon voluminous testimony introduced herein. This testimony, though somewhat conflicting, was given by fellow workmen, doctors, and other employees of the company.

Apparently the appellant's position is that appellee was not injured by reason of an accident arising in the course of his employment. It is maintained that there was no traumatic injury by accident. Hollenbach v. Hollenbach, 181 Ky. 262, 204 S.W. 152, 13 A.L.R. 524, is cited and relied on for a correct definition of the word "accident", which is defined as something "unusual, unexpected, and undesigned," and includes an "unexpected or unusual event happening with or without negligence." We have no quarrel with the definition as found in the Hollenbach case. However, we need only call attention to the fact that Creech was unloading heavy timber and in lifting this timber he felt a sudden pain. Something unusual and unexpected did happen, with incapacitating results. See Harlan-Wallins Coal Corp. v. Lawson, Ky., 242 S.W.2d 999. The pre-existing condition may have contributed somewhat to the ultimate results. In fact, the board so found. The finding was not without supporting evidence of substance. We are

bound by the rule that the Board's findings of fact are conclusive if supported by substantial evidence. No inconsistency appears either in the findings of fact or application of the law.

The judgment is affirmed.