The IRONTON FIRE BRICK COMPANY,
Appellant,

v.

Cleff MADDEN et al., Appellee.

Court of Appeals of Kentucky.

Dec. 2, 1955.

Rehearing Denied Feb. 3, 1956.

Howard Van Antwerp, Jr., Howard Van Antwerp, III, Ashland, for appellant.

C. B. Creech, Ashland, for appellee.

MOREMEN, Judge.

Appellee, Cleff Madden, is a clay miner who worked for appellant Ironton Fire Brick Company, under the provisions of the Workmen's Compensation Act. He performed hard work because the ceilings of the mine were low and it was necessary to handle heavy chunks of clay as well as blocks of slate which fell from the ceilings of the mine. Appellee testified that he had had no trouble with his back prior to August 1953, even though he had worked at his occupation for many years, but at that time he experienced pain which gradually and periodically became worse. He related that after his initial pain, he was later moved to another part of the mine where he was able to stand up while he worked and his back got a little better. Later when a new mine was started on the other side of the hill, he was sent to a new shaft where the top or ceiling was very low and where, when explosives were used, heavy slate would fall, sometimes in chunks weighing from 4,000 to 5,000 pounds. It would be necessary for him and the others to lift, pry and roll them out of the way.

He then testified as follows: "And one time I particularly remember, we had been moving heavy slate and I told the boys I was working with that I would have to sit down. My back was hurting so bad I couldn't hardly stand it, and I sat there a

while and finally finished loading the car. I didn't have any more ease after that."

This occurrence was on October 23, and is the incident which appellee relies upon as being an accident sufficient to bring the case within the provisions of the Workmen's Compensation Act.

Application for adjustment of claim was filed with the Workmen's Compensation Board which found that appellee Madden had suffered a compensable period of temporary total disability and had a fifteen per cent permanent partial disability. Upon appeal to the Carter Circuit Court, the finding of the Board was affirmed and from judgment entered, this appeal is prosecuted.

Appellant urges as grounds for reversal that: (1) there is no proof of a personal injury by accident arising out of and in the course of employment; and (2) notice of the injury was not given to the employer as soon as practicable.

The medical testimony in this case establishes that appellee is suffering from a herniated or protruded disc in his lower spine which may have resulted from strain or exertion. We have held that a herniated disc received in the course of employment is a compensable accident. U. S. Coal & Coke Co. v. Parsons, Ky., 245 S.W. 2d 442; and it is pointed out in Rowe v. Semet-Solvay Division Allied Chemical & Dye Corp., Ky., 268 S.W.2d 416, under a state of facts remarkably like those presented here, that it was not necessary that the claimant testify in exact words that he was struck by a sudden unusual pain if the words did convey the thought that he had experienced a severe pain of an intensity which he had not experienced before. We believe the testimony above quoted is sufficient to meet the requirements set out in the Rowe case and since the opinion in that case contains a complete discussion of the question presented here, it is not necessary to repeat it because we think it is decisive of the case at bar.

Appellant's second contention, that sufficient notice was not given, may also, we believe, be decided by application of the principles announced in the Rowe case because here, too, it was not shown that appellant was in any way prejudiced by the failure of appellee immediately to give formal notice.

Judgment affirmed.