Paul TERRY, Appellant

v.

ASSOCIATED STONE CO., Inc., et al., Appellees.

Court of Appeals of Kentucky.

April 29, 1960.

Charles McConnell, Louisville, for appellant.

Gavin H. Cochran, Peter, Heyburn & Marshall, Louisville, for appellees.

PALMORE, Judge.

The appellant, Paul Terry, a crane operator employed by the appellee, suffered a coronary occlusion with resulting damage to his heart following strenuous exertion in removing a cable from the crane. His claim seeking workmen's compensation was dismissed by the referee on the ground that disability from a heart attack brought on by strain or exertion is not compensable. On a full board review, with two of its five members dissenting, the Workmen's Compensation Board found as a fact that appellant "suffered personal injuries and total disability for work from overexertion and unusual strain," set aside the action of the referee and awarded maximum compensation. On appeal the circuit court set aside the award, adopted the opinion of the referee and dismissed the claim. The claimant now appeals to this court, contending that (1) he suffered a compensable injury and (2) the finding of fact by the board was conclusive on the appeal to the circuit court.

After the heart attack Terry was first seen and treated by Dr. P. F. Martin, a general practitioner, who testified that in his opinion the cause was "a pre-existing condition that would predispose to the occlusion occurring at any given time," the stress or strain of the physical exertion being "a factor" in the occurrence. Following hospitalization of some three weeks the patient was referred to Dr. R. M. McClendon, a specialist in internal medicine, for further consultation and treatment. Dr. McClendon gave it as his opinion that the factors of importance in precipitating the occlusion were (1) "underlying atherosclerosis [a type of arteriosclerosis] of the coronary vessels," (2) the strenuous activity, and (3) possibly the time of the strenuous activity, as having taken place in the early afternoon of a very hot July day and just

after Terry had eaten lunch. He testified that there is a divergence of medical opinion on the importance of activity as a factor in precipitating heart damage but that "certainly strenuous exercise in my opinion can be a contributing factor." This witness said also that the pathological changes described as atherosclerosis "in themselves will gradually progress over a period of years as to cause occlusion of the vessel," thus indicating the disease to be progressive in nature, as distinguished from a static condition.

Dr. Morris M. Weiss, a heart specialist, examined the cardiograms taken by Terry's doctors and testified for the defense, largely on the basis of hypothetical questions. It was his opinion that the attack was "the natural result of pre-existing disease" and not a natural and direct result of trauma. He conceded it to be generally accepted "that sudden, extraordinary, unusual strains can precipitate an occlusion in a person who has the background, the underlying arteriosclerosis," but was of the view that in the case at hand the occlusion was the natural result of the pre-existing condition and just happened to occur following the strenuous exertion. According to his testimony a coronary occlusion occurs only after an arteriosclerotic condition has developed over a period of many years. Most such attacks occur while the victim is at rest or engaged in some routine activity.

At the request of the Workmen's Compensation Board Dr. Herbert L. Clay, Jr., chief of the Department of Cardiology at the University of Louisville College of Medicine, a qualified specialist, made an examination of the patient and the cardiograms and testified as a disinterested witness. It was his opinion that Terry, "even though he gave a negative history at the time of illness in July, 1955, undoubtedly had underlying coronary artery disease, atherosclerotic. It is likely that the extreme exertion merely precipitated the acute coronary occlusion * * *." In response to hypothetical questions asked by

each side he answered that the coronary occlusion, though resulting from an underlying arterial disease, was "probably precipitated" by Terry's exertion. He said also that he had never made a diagnosis of coronary occlusion where he did not feel that it resulted from underlying atherosclerotic or arteriosclerotic changes. Like Dr. Weiss, he testified that the underlying condition that eventuates in an occlusion develops over a relatively long period of time, and that most attacks occur while the individual is at rest.

Despite the absence of symptoms prior to the onset of Terry's heart attack it is impossible to escape the conclusion that the predominating causative factor was a pre-existing arteriosclerotic condition. The most that any of the medical witnesses said with respect to the physical exertion was that it probably "precipitated" the occlusion. If, as contended by appellant, the board's finding of fact that the disability resulted from overexertion and unusual strain impliedly excludes the pre-existing disease as a causative factor, then there is no probative evidence to support it. See B. F. Avery & Sons v. Carter, 1924, 205 Ky. 548, 266 S.W. 50, 53. If, on the other hand, as contended by appellee, its effect is to draw a conclusion from facts substantially undisputed, it is a finding of law and therefore is not conclusive on appeal. Hayes Freight Lines, Inc. v. Burns, Ky., 1956, 290 S.W.2d 836. Actually the board's finding represents a choice between conflicting expert opinions, which, for purposes of the distinction between fact and law, are "facts."

This appeal presents the first case in which a finding of the Workmen's Compensation Board that a heart attack was in fact caused in part by the strain of work at a specific time comes before this court definitely supported by the opinion of one or more medical witnesses. In attributing the disability wholly to the exertion the board's finding extends beyond the opinions of the doctors, but it is nonetheless an ac-

ceptance of the conclusion that the exertion was a causative factor. The question being of a medical nature entirely, determined on the basis of qualified expert testimony, it would be absurd for a court of lawyers to reject that conclusion as unsupported by probative evidence. Our task, rather, is to resolve the purely legal question of whether the finding of fact results in liability.

■ A disabling heart attack resulting from a pre-existing disease but possibly superinduced by excitement or exertion has not been recognized in this jurisdiction as compensable. Salmon v. Armco Steel Corp., Ky.1955, 275 S.W.2d 590; H. Smith Coal Co. v. Marshall, Ky.1951, 243 S.W.2d 40: Rue v. Kentucky Stone Co., 1950, 313 Ky. 568, 232 S.W.2d 843; Fannin v. American Rolling Mill Co., 1940, 284 Ky. 188, 144 S. W.2d 228; Aden Mining Co. v. Hall, 1933, 252 Ky. 168, 66 S.W.2d 41; Wallins Creek Collieries Co. v. Williams, 1925, 211 Ky. 200, 277 S.W. 234; Rusch v. Louisville Water Co., 1922, 193 Ky. 698, 237 S.W. 389. However, all of these decisions except in the Wallins Creek case sustained findings of the Workmen's Compensation Board which were supported by substantial medical testimony adverse to the claimant's theory that the disability resulted wholly or partially from the excitement or strain. In the Wallins Creek case all of the medical opinion was that the death was caused by pre-existing disease. That one of the doctors further testified that the attack was "perhaps superinduced" by overexertion was held to be insufficient evidence to support the board's finding in favor of the claim. A mere possibility, of course, is not alone sufficient to support a finding of fact. Old King Min. Co. v. Messer, Ky.1952, 252 S.W.2d 863; Ratliff v. Cubbage, 1951, 314 Ky. 716, 236 S.W.2d 944; American Rolling Mill Co. v. Pack, 1939, 278 Ky. 175, 128 S.W.2d 187.

The Wallins Creek opinion expressed doubt that the strain of assisting in the shoeing of a mule could be classified as an "accident" and stated that "it was certainly

not a traumatic accident so as to permit the apportioning of the compensation and allowing an award for whatever was produced by it." [211 Ky. 200, 277 S.W. 235.] In the Rusch case [193 Ky. 698, 237 S.W. 390], where the board found (a) that death resulted from pre-existing heart disease and (b) that "excitement and hurry at a critical moment, taken in connection with a diseased heart, caused the heart to fail," this court acceded to the proposition that there was no "traumatic" injury. It is interesting to note, however, that in its opinions involving other types of internal injury the court has been less fastidious in its conceptions of trauma, and, at last recognizing the term as easier to discard than to define, held in Adams v. Bryant, Ky.1955, 274 S. W.2d 791, 792, that in defining "personal injury by accident" it is not a vital factor anyway.

Some of the cases in which internal injuries resulting from strain have been recognized as compensable "personal injuries by accident" are: Tafel Electric Co. v. Scherle, 1943, 295 Ky. 99, 173 S.W.2d 810 (muscular strain in lifting heavy stone resulted in pleurisy and subsequent pneumonia); Coleman Mining Co. v. Wicks, 1926, 213 Ky. 134, 280 S.W. 936 (brain hemorrhage following heavy strain); Contractors Service & Supply Co. v. Chism, Ky. 1958, 316 S.W.2d 840 (back strain in lifting 40-lb. box, aggravating a pre-existing congenital defect of the spine); Parrott v. S. A. Healy Co., Ky.1956, 290 S.W.2d 798 (back strain in lifting water pump, aggravating a pre-existing spine condition); U. S. Coal & Coke Co. v. Parsons, Ky.1951, 245 S.W.2d 442 (herniated disc caused by strain); Harlan-Wallins Coal Corp. v. Lawson, Ky.1951, 242 S.W.2d 999 (sudden appearance of inguinal hernia during heavy work); Ironton Fire Brick Co. v. Madden, Ky.1956, 285 S.W.2d 897 (herniated disc developing from heavy work); Totz Coal Co. v. Creech, Ky.1951, 245 S.W.2d 924 (sudden aggravation of stomach and intestinal ulcers, with resultant internal hemorrhages, while lifting heavy timbers); and Wood-Mosaic Co. v. Shumate, 1947, 305 Ky. 368, 204 S.W.2d 331 (back strain in pushing heavy cart, aggravating a pre-existing but unknown arthritic condition).

In Blue Diamond Coal Co. v. Whitaker, 1947, 303 Ky. 716, 198 S.W.2d 792, death resulted from a cerebral hemorrhage which manifested itself during physical labor not involving unusual strain. The decedent had never before required the services of a physician. One doctor testified that in his opinion the hemorrhage was the result of strain. Another was of the opinion that it was caused by high blood pressure. This conflict of opinion was resolved by a board finding that the pre-existing disease was the cause, and the finding was held to be conclusive. The significant aspect of that case from the point of view of whether the suddenly manifested internal results of mere exertion may constitute a "personal injury by accident" is that the opinion indicates the court likewise would have sustained a contrary finding by the board.

The view which seems to be most favored among the various courts of last resort is that the sudden manifestation of a pre-existing heart condition from the effect of strain or overexertion at work is an accidental injury. In a number of states it is required that the strain or exertion be "unusual" or "extraordinary," evidently on the theory that this is necessary in order to overcome the inference that the attack occurred from the natural pre-existing cause. However, the "unusual exertion" rule is of questionable soundness and has led to much confusion in its application, and there has been a tendency to relax it. Larson on Workmen's Compensation § 38, pp. 516 et seq.; 99 C.J.S. Workmen's Compensation §§ 177, 184.

In Elam v. Utilities-Elkhorn Coal Co., Inc., Ky.1953, 257 S.W.2d 535, 536, wherein there was no evidence of a causal connection between the work and the disability, the following general statement appears: "A disability resulting from a congenital weakness or pre-existing disease, although

accelerated or hastened by the reasonable and customary exertion of one's employment, is not an accidental injury within the meaning of KRS 342.005," citing Mellon v. Ashland Coca Cola Bottling Co., 1946, 302 Ky. 176, 194 S.W.2d 171, a heat stroke case. The statement is broader than can be justified upon a review of the main stream of related cases decided by this court; otherwise several of the decisions cited above in this opinion, wherein pre-existing conditions were aggravated or "lighted up" by strain sustained in the ordinary and customary work of the claimant, could not have been decided as they were. Nor should there be any logical distinction in an "exertion" case, where there is none in other cases, between "acceleration" and "aggravation," which is to say, between progressive and static pre-existing conditions. See Robinson-Pettit Co. v. Workmen's Compensation Board, 1924, 201 Ky. 719, 258 S.W. 318, illustrating the absence of such a distinction in other cases.

■ We see a metaphysical distinction but no real difference between a strain which "lights up" a defective or diseased condition and an exertion which precipitates a coronary occlusion. In either case some part of the human body sustains damage by responding to the requirements of the individual's physical effort. If qualified medical witnesses are willing to say that both the pre-existing disease and the strain of a specifically identified effort contributed to the damage, and the board so finds, there is no reason why the injury should not be compensable.

■ Where a compensable disability results from a pre-existing disease or condition aggravated or "lighted up" by an accident the award must be apportioned according to the contribution of the injury to the disability. Contractors Service & Supply Co. v. Chism, Ky.1958, 316 S.W.2d 840; Parrott v. S. A. Healy Co., Ky.1956, 290 S.W.2d 798; Broughton's Adm'r v. Congleton Lumber Co., 1930, 235 Ky. 534, 31 S.W. 2d 903; B. F. Avery & Sons v. Carter, 1924,

205 Ky. 548, 266 S.W. 50; Employers' Liability Assurance Corp. v. Gardner, 1924, 204 Ky. 216, 263 S.W. 743. In the instant case the board erred as a matter of law in attributing the entire disability to the injury since there was no supporting testimony to indicate more than a partial or contributing causation, and the proper course to be taken by the circuit court on appeal was to remand the case for revision of the award.

As of August 1, 1956, KRS 342.005 (1) was amended by addition of the word "traumatic" proceeding the words "personal injury." Appellant's injury occurred in July of 1955. Therefore, whether the law as it now reads would indicate any different result under the facts of this case is unnecessary to decide.

The cause is reversed with directions that it be remanded to the Workmen's Compensation Board for apportionment of the disability and the making of a new award in accordance with the principles stated in this opinion.