**NORTH AMERICAN REFRACTORIES COMPANY, Appellant,**

v.

**William JACKSON et al., Appellees.**

Court of Appeals of Kentucky.

April 28, 1961.

H. R. Wilhoit, Grayson, for appellant.

Howard Vanantwerp, Jr., Ashland, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment upholding an award of the Workmen's Compensation Board. The board found that appellee, William Jackson, sustained a traumatic injury by accident on December 29, 1958, while engaged in performing his duties as an employee of appellant. Appellee was awarded compensation benefits for temporary total disability for twenty-six weeks and compensation thereafter for 50% permanent disability to the body as a whole. Reversal is sought on two grounds: (1) Appellee did not establish that he sustained a traumatic personal injury by accident within the meaning of KRS 342.005(1) (as amended in 1956); and (2) there is no evidence to support the board's finding that appellee sustained a permanent disability of 50% to the body as a whole as a result of the injury he suffered on December 29, 1958.

Appellee was employed to perform common labor at appellant's plant. During the afternoon of December 29, 1958, he suffered a sharp pain in his abdomen while attempting to move a steel rail. He described the incident thusly:

"I was picking up one end of it. Bill had the other end up. * * * mine got hung * * *. I had to pull with all my might to pull it up. * *. It [the pain] hit me right then * * in the middle of my abdomen."

Appellee stated that immediately thereafter he felt weak and that he was perspiring freely. He went to a rest room and found that he was passing blood from his anus in a considerable quantity. He reported his condition to his foreman and also informed the office manager of the appellant company of his injury. Later that day he was examined by Dr. H. D. Benteen, an osteopath, who prescribed medication to alleviate further bleeding. However, appellee had several more hemorrhages and was examined by his family physician Dr. T. D. Goodman. Neither of these doctors was able to determine the source of the hemorrhages. On January 3, 1959, appellee was hospitalized under the care of Dr. R. Culley, a surgeon, who prescribed blood transfusions. Appellee responded to medical treatment and his condition improved to the extent that he was discharged from the hospital on January 26, 1959.

Dr. Culley was of the opinion that the hemorrhages were from a varicose vein

in the wall of the bowel which had been ruptured by the strain described by appellee in moving the rail. However, Dr. L. H. Winans, who examined appellee on May 29, 1959, was of the opinion that the hemorrhages were not caused by strain. He stated that the most evident possibility was the presence of diverticuli, which are herniations through the walls of the bowel, the cause of which is unknown.

Each of the physicians was of the opinion that appellee was permanently disabled to the extent of performing heavy manual labor but that he could engage in light work.

The word "accident" has been defined as an unusual, unexpected, and undesigned event which is traceable to a definite time, place and cause. Great Atlantic & Pacific Tea Co. v. Sexton, 242 Ky. 266, 46 S.W.2d 87; Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152, 13 A.L.R. 524. Although this definition has often been approved by this Court, some uncertainty has arisen concerning whether we have required an "accidental cause" or "accidental result" to satisfy the "injury by accident" requirement of KRS 342.005 (1). However, in Adams v. Bryant, Ky., 274 S.W.2d 791, 794, we concluded that "the better rule does not require a showing that the injury must result from a single and specific occurrence in order to pin down the cause of it." While our opinion in Adams v. Bryant, supra, may not reasonably be construed to mean that we have abandoned the "accidental cause" requirement, it does show that in cases involving internal injuries resulting from exertion, strain and exposure the "injury by accident" requirement is satisfied either if the cause was of an accidental character or if the effect was the unexpected result of the performance of the employee's duties. See, also, Larson on Workmen's Compensation, Volume I, Section 38, page 516. Accordingly, we hold that, if there is medical testimony that the strain of the employee's work-connected exertions caused

him bodily harm, the injury is accidental within the meaning of KRS 342.005(1). This conclusion is supported by the following cases in which injuries resulting from exertion or strain of a specifically identified effort were recognized as compensable "personal injuries by accident." Terry v. Associated Stone Co., Ky., 334 S.W.2d 926; Contractors Service & Supply Co. v. Chism, Ky., 316 S.W.2d 840; Parrott v. S. A. Healy Co., Ky., 290 S.W.2d 798; Ironton Fire Brick Co. v. Madden, Ky., 285 S.W.2d 897; Totz Coal Co. v. Creech, Ky., 245 S.W.2d 924; United States Coal & Coke Co. v. Parsons, Ky., 245 S.W.2d 442; Harlan-Wallins Coal Corp. v. Lawson, Ky., 242 S.W.2d 999; Wood-Mosaic Co. v. Shumate, 305 Ky. 368, 204 S.W.2d 331; Tafel Electric Co. v. Scherle, 295 Ky. 99, 173 S.W.2d 810; Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S.W. 936. Therefore, the Workmen's Compensation Board's finding that appellee sustained an "injury by accident" within the meaning of the above subsection of the statute is sustainable under the record.

During the 1956 session of the General Assembly KRS 342.005(1) was amended by the addition of the word "traumatic" preceding the words "personal injury." Therefore, we must determine whether appellee sustained a traumatic injury as now required by that subsection of the statute.

Although the word "traumatic" did not precede the words "personal injury by accident" prior to 1956, it has, since the enactment of our Workmen's Compensation Act, appeared in the proviso of that subsection which declares that diseases are not compensable except "where the disease is the natural and direct result of a traumatic injury by accident."

In Jellico Coal Co. v. Adkins, 197 Ky. 684, 247 S.W. 972, 974, decided in 1923, we observed that "trauma" is defined as "a wound or any injury" and also as "an abnormal condition of the human body produced by external violence as distinguished from that produced by infections

and less evident causes." We further observed that "traumatism" is defined as "violence producing a wound or injury, as rupture of the stomach by traumatism." In Straight Creek Fuel Co. v. Hunt, 221 Ky. 265, 298 S.W. 686, we held that an internal injury resulting from an external force was a traumatic injury and we approved an award of compensation to a claimant who was injured when he fell across a steel rail while performing his duties in his employer's coal mine. Our most familiar case on the question of what constitutes a "traumatic injury" is Great Atlantic & Pacific Tea Co. v. Sexton, 242 Ky. 266, 46 S.W.2d 87, wherein it was held that an infection or disease traceable to contact with meat laden with tularemia germs was a traumatic injury by accident. And in Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S.W. 936, we rejected the contention that a brain hemorrhage resulting from strain in pushing a coal-cutting machine was not a traumatic injury. As was pointed out in Terry v. Associated Stone Co., supra, we have been "less fastidious in [our] conceptions of trauma" in certain types of internal injuries cases.

We have recently clarified our former interpretation of the Workmen's Compensation Act to the extent that we are now willing to say any injury caused by a work-connected external force satisfies the requirement of "traumatic" within the meaning of KRS 342.005(1). Grimes v. Goodlett & Adams, Ky., 345 S.W.2d 47. In the instant case there was medical testimony which warrants the board's finding that appellee sustained a traumatic injury.

Appellant urges that the board erred in awarding appellee 50% permanent disability. The proof showed that appellee was permanently disabled to perform heavy manual labor which his employment with appellant ordinarily required. As we construe the opinion and award of the board appellee was allowed compensation only for the disability which it found to be directly attributable to the injury he sustained as the result of the accident on December 29, 1958. The award, as construed, is in accord with the applicable provisions of our Workmen's Compensation Act.

Judgment affirmed.