**Willie Lee HAGAN, Appellant,**

v.

**MAYFLOWER TRANSIT COMPANY, etc., et al., Appellees.**

Court of Appeals of Kentucky.

June 23, 1972.

John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

Larry L. Johnson, James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

REED, Judge.

This is a workmen's compensation case in which the claimant-employee, Willie Lee Hagan, sought compensation for temporary total disability because of an alleged hernia which he suffered. The Workmen's Com-pensation Board determined that the em-ployee's evidence did not establish to the board's satisfaction either that there was an injury resulting in hernia or that the hernia appeared suddenly and immediately following the injury, or that the hernia did not exist in any degree, including the pri-mary or incomplete stage, prior to the in-jury for which compensation was sought. Hagan appealed the board's dismissal to the circuit court. The circuit court decid-ed that it could not disturb the board's dis-position. Hagan thereupon appealed to this court. We affirm the judgment of the circuit court.

Although the particular employer against which the claim was filed insists that it was not Hagan's employer at the time he alleged he incurred a hernia, we need not consider that contention because we have concluded that Hagan's evidence presented to the board was not so compelling or per-suasive that it was clearly unreasonable for the board not to be convinced by it. We find that this is an instance where the board's finding, so far as judicial review is concerned, was conclusive whether it was for or against the claimant on the issue of the existence of the compensable injury.

According to Hagan, on either August 7 or August 8, 1969, he was moving a heavy marble top off the back of a moving truck when the loading plank on which he was walking slipped and caused him to fall to the ground. He stated that as he fell the marble top fell on him and struck him in the groin area. He admitted that he did not report the injury to his alleged employ-er, but stated he was prevented from doing so by a foreman.

He also testified that after the alleged injury he continued to work the rest of that day and worked continuously there-after until about the second week in Sep-tember when he was laid off because business was slow. About a week after his layoff, he applied for another job. He testified that when he was examined for the job by a physician, he was in-

formed that he had a hernia. He did not introduce the testimony of the physician who he testified examined him and diagnosed the alleged hernia. Although he testified that on the alleged occasion of injury he felt a sharp pain accompanied by a sting and burning sensation in his groin area and that later a knot appeared, which he showed to his wife, his wife did not testify. According to Hagan, the knot went away within two days, and he felt there was no need to seek medical treatment.

The only medical evidence in the record relating to the existence of a hernia is found in the deposition of a medical records librarian employed by Louisville General Hospital. These hospital records reveal that in May 1970, some 10 months after the time when Hagan claimed the hernia first appeared, he underwent surgery for repair of a left inguinal hernia.

KRS 342.025(1) requires that in all claims for hernia resulting from injury received in the course of and resulting from the employee's employment "it must be definitely proved to the satisfaction of the board that: There was an injury resulting in hernia, and that the hernia appeared suddenly and immediately following injury, and that the hernia did not exist in any degree, including the primary or incomplete stage, prior to the injury for which compensation is claimed."

Appellant argues that his evidence satisfied the requirements of the statute. He relies, however, upon cases in which the board found in favor of the claimant. In those instances, the court held that the findings of the board in the claimant's favor were supported by substantial evidence. See American Rolling Mill Co. v. Leslie, 302 Ky. 601, 194 S.W.2d 643 (1946), and Harlan-Wallins Coal Corp. v. Lawson, Ky., 242 S.W.2d 999 (1951).

So far as judicial review is concerned, the issue is not whether Hagan's evidence would justify a favorable finding, rather it is whether his evidence requires a favorable finding as a matter of law.

■ The language of the statute itself suggests that the character and quantum of evidence necessary in hernia claims is perhaps somewhat stricter than is required in other claims for disability under our Workmen's Compensation Law. The statute uses the phrase, "It must be definitely proved to the satisfaction of the board." When Hagan's evidence is considered, even in light of the standard of evidence generally required in compensation claims, we note the equivocal circumstances present, all of which require explanation. The credibility of Hagan's explanations is for the board to determine and not the courts.

■ In such circumstances we feel that the situation is governed by the basic rule spelled out in Lee v. International Harvester Co., Ky., 373 S.W.2d 418 (1963). The basic test for judicial review stated therein has been consistently followed. Under that test, the only issue before the circuit court was whether Hagan's proof was so strong as to compel a finding in his favor—so persuasive that it was clearly unreasonable for the board not to be convinced by it. It seems to us that Hagan's evidence falls into the category whereby a favorable board finding would have been justified but such finding was not required as a matter of law. Thus, the board's finding was conclusive and the circuit court was powerless to disturb it.

The judgment is affirmed.

All concur.