**U. S. COAL & COKE CO. v. PARSONS et al.**

Court of Appeals of Kentucky.

Nov. 21, 1951.

Rehearing Denied Feb. 15, 1952.

James Sampson, Harlan, Middleton, Seel-
bach, Wolford, Willis & Cochran, Louis-
ville, for appellant.

George R. Pope, Harlan, for appellees.

MOREMEN, Justice.

The sole question presented by this ap-
peal from a judgment approving an award
of the Workmen's Compensation Board to
appellee, Parsons, for disability, concerns
whether he was injured by reason of an ac-
cident arising out of and in the course of
his employment.

Appellee was injured while setting a
cross-collar in appellant's mine. A cross-
collar is a beam used to support the roof
of a mine. It is raised to the roof by means
of a lifting jack, supports are placed at
each end of the bar, and the jack is re-
moved. The cross-collar of this incident
was a round timber, 10 feet long, 6 inches
in diameter, and weighed from 125 to 140
pounds. Parsons had one end of the beam
on the jack and was lifting the other end
of the bar up—a distance of about 3 feet—
when pain struck him in the back. He said:
"It was an awful pain, a dull, hard ache; I
let the bar lay in the jack and went over
and leaned against a timber." The pain
resulted from a herniated intervertebral
disc. The record contains ample proof to
the effect that a ruptured disc may be
caused by severe strain, heavy lifting, or a
twist of the back.

In the case of Harlan-Wallins Coal Corp.
v. Lawson et al., Ky., 242 S.W.2d 999, we
had before us the identical question pre-
sented here, with the exception that the
injury was an inguinal hernia. We said:
"The appellant contends that it is not suffi-
cient simply to prove an injury to an em-
ployee, but that it must be shown that the
disability resulted from a traumatic injury
by accident. We take a different view of
the case. Lawson described what he was
doing, how he was performing his work,

and said that, during the course of it, he felt a sudden, sharp pain in his left side. A hernia resulted. Should the reasoning of the appellant be accepted, it would be extremely difficult to show that a hernia resulted from the traumatic injury except in instances where the hernia was the result of an actual blow to one's abdomen."

Wherefore, the judgment is affirmed.