**ADAMS UNIFORM SERVICE, Inc., Appellant,**

v.

**Nat HOLT et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 14, 1956.

---

Wallis Downing, James G. Bowman, Louisville, for appellant.

J. Walter Clements, Louisville, for appellees.

STANLEY, Commissioner.

The appeal is from a judgment confirming an award of the Workmen's Compensation Board to the appellee, Nat Holt, an employee of the appellant, Adams Uniform Service, Inc. There were several issues fought out before the Referee and the Board, all of which were decided adversely to the employer. On the appeal to this court, the appellant's only contention is that the appellee did not suffer a traumatic injury within the compensation act but his disability resulted, as stated in the brief, from "a congenital weakness or pre-existing disease, although accelerated or hastened by the reasonable and customary exertion" of the employee.

The statute which the appellant invokes, KRS 342.005, relates primarily to defining the classes of employers and employees to which the compensation law applies and their respective rights and responsibilities where an employee sustains personal injury or death "by accident * * * arising out of and in the course of his employment." The section contains the qualifying provision that the resulting injury "shall not include diseases except where the disease is the natural and direct result of a traumatic injury by accident nor shall it include the results of a pre-existing disease, whether previously disabling or not." The sole question, therefore, is whether there is evidence of probative quality sustaining the Board's finding that the appellee's disability resulted from an industrial accident.

The appellant was engaged in the business of furnishing clean uniforms to its patrons at their respective places of business. The appellee was a routeman, engaged in picking up the bundles of soiled uniforms, taking them to the appellant's laundry, and delivering them back after they had been cleaned. On November 13, 1953, according to the testimony of Holt, he was delivering a bundle of uniforms which weighed about one hundred pounds to a patron, "Tube Turns," when he sustained the injury for which he claims compensation. He had climbed two flights of stairs and, in his own words, "As I reached the top and aimed to turn to the right, I strained my back. At that moment, I felt the pain in the lower part of my back on the right side." After resting for about thirty minutes, Holt delivered that load and carried up two or three more loads. The injury occurred between 8:00 and 8:30 a.m. Friday. Holt did not report the incident that day. The next day he was unable to work, and his wife reported the injury to the route supervisor. Holt returned to work on Monday and worked a full week. The following Monday he felt unable to work and reported to the plant superintendent that he had a pain in his right hip which he believed to have been caused from carrying the bags of laundry at "Tube Turns." Holt was advised to talk to Mr. Adams, owner of the appellant company, who sent him to see Dr. Bate on November 23. Dr. Bate told Holt he could

find nothing wrong. Since Holt was still in pain, he went to his own doctor, Dr. Witten. After a two-week conservative treatment, Dr. Witten hospitalized Holt and put him in traction for ten days. As a result, Holt's condition improved and he returned to work on January 4, 1954. He was physically unable to work longer than two days. Later, he consulted Dr. Fischer and Dr. Segerberg, who diagnosed his trouble as a herniated disc and recommended surgery to remove the disc. Appellant paid Holt's hospital bill but refused to provide him with further medical attention. At the time he testified, Holt had not worked since January, 1954. Appellant, on information from Holt, filed Employer's First Report of Injury on January 7, 1954. It reported, "Injury caused by strain from lifting laundry bags," having occurred during the week of November 16, 1953, at the appellant's place of business.

Appellant introduced considerable testimony that Holt had been complaining of pains in his back ever since he began working for appellant. At times his employer felt impelled to provide him with a helper.

In rebuttal, Holt introduced equally as effective testimony that he had never had any back trouble prior to November 13, 1953. His family doctor, his minister, and other friends had never heard Holt complain of his back before the date he claimed to have been hurt, and there was professional testimony that he would not have been able to work regularly (as he had) with the disability which started on that day.

It was, of course, the prerogative and responsibility of the Compensation Board to find from the evidence that the employee sustained an injury as a result of a back strain while doing his work, and that it was an accidental injury within the meaning of the Compensation Act. Carrying a heavy load up two flights of stairs was reasonably calculated to cause the injury, and the events of sudden pain and the immediately ensuing physical conditions of the employee strongly indicated that he had then suffered an accident. We think the Board was warranted in its conclusion that this was not due to a pre-existing condition but was due to a compensable accident. United States Coal & Coke Co. v. Parsons, Ky., 245 S.W.2d 442; Totz Coal Co. v. Creech, Ky., 245 S.W.2d 924; Rowe v. Semet-Solvay Division Allied Chemical & Dye Corp., Ky., 268 S.W.2d 416; Ironton Fire Brick Co. v. Madden, Ky., 285 S.W.2d 897.

The judgment is affirmed.