**Sam FRALEY, Appellant,**

v.

**RUSTY COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 18, 1966.

Scott Collins, Prestonsburg, for appellant.

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, J. W. Craft, Jr., Hazard, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board entered an order awarding Sam Fraley, a coal miner, compensation for total permanent disability, of which the board found 80% was attributable to an injury in the course of employment and 20% was attributable to the arousing into disabling reality of a dormant, pre-existing, nondisabling condition of arthritis. The board ordered

80% of the award to be paid by the employer and 20% by the Special Fund. On appeal by the employer to the circuit court judgment was entered setting aside the order of the board and remanding the case to the board with directions to grant an award only for 40% permanent partial disability to be paid by the employer. Fraley has appealed from that judgment.

We are faced at the outset with motions by the appellees to dismiss the appeal on the ground that the notice of appeal was not filed in time.

The judgment was entered on April 20, 1965. On May 5 Fraley filed a notice of appeal and a waiver of notice of entry of the judgment. On May 27, for some unexplained reason, Fraley moved for leave of court to "withdraw" the notice of appeal, "without prejudice to refile if within time and if advisable on account of subsequent developments." Simultaneously he filed a separate motion asking that he be allowed an additional 30 days, to and including July 4, "within which to take an appeal." On June 1 the circuit court entered an order reciting that Fraley "is hereby granted permission to withdraw his notice of appeal, and the time within which to appeal is hereby extended to and including July 4, 1965." Thereafter, on June 16, Fraley filed a new notice of appeal. It is the contention of the appellees that the purported extension of time granted by the circuit court was without authority and therefore the notice filed on June 16 was not timely.

Under CR 73.02 the basic time within which a notice of appeal may be filed is 30 days from the entry of the judgment. The circuit court may extend the time not exceeding 30 days "upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment." (CR 6.02 specifically prohibits an extension of time on any other ground.) CR 73.02 further provides that before the appeal is docketed in the Court of Appeals it may be dismissed by stipulation of the parties or by order of the circuit court upon motion and notice by the appellant.

■ It is our opinion that the order purporting to extend the time for taking appeal was invalid because on the face of the record the sole ground on which such an order may be granted did not exist. However, we think that in the circumstances of this case the order cannot be considered severable and was not intended to be severable, and that when the part of the order extending the time falls the balance of the order, granting permission to withdraw the original notice of appeal, also falls. It must be remembered that Fraley could not of his own initiative dismiss the appeal (the "withdrawal" of the notice of appeal must be considered the same as a dismissal of the appeal); it was necessary that he obtain either a stipulation or a court order. We think a fair construction of his motions is that he wanted his appeal dismissed only if he could be granted the desired extension of time. The fact that the permission to dismiss and the extension were granted in the same order indicates that the circuit court intended the one to be conditioned on the other.

We conclude that the entire order of July 1 was invalid; thus there was left in force the timely notice of appeal of May 5. Accordingly, the motions to dismiss the appeal are overruled. This renders moot certain motions made by the appellant.

We shall now consider the merits of the appeal.

This being a "subsequent injury" kind of case, the Workmen's Compensation Board chose under KRS 342.121 to refer the case to a disinterested physician. He reported that Fraley had approximately 45 to 50% "partial permanent disability to the body as a whole"; that 40% of that disability was attributable to the recent injury in his employment; and that 5 to 10% was attributa-

ble to preexisting dormant, nondisabling diseased condition of arthritis brought into disabling reality by the injury. No objections or exceptions to the report were filed. However the Board concluded that the report was controlling only as to "the medical question of apportionment," and that Fraley's occupational disability as shown by the other evidence in the case was 100%, apportionable in the same ratio as the bodily disability was apportioned in the doctor's report.

The circuit court set aside the award of compensation for 80% of total permanent disability against the employer on the sole ground that the report of the doctor, not having been objected to, was conclusive and binding on the Board under the provisions of KRS 342.121(4). Under Kilgore v. Goose Creek Coal Company, Ky., 392 S.W.2d 78, this ground was not valid. As said in that case, 392 S.W.2d at 80:

> " * * * Whatever may be the degree of physical impairment established by the medical testimony, the board must make its own estimate, from the evidence as a whole, of whether and to what degree that impairment actually disables the claimant from performing the duties of his occupation. Percentage of physical limitation is a medical question; percentage of disability is not."

The circuit court set aside the award against the Special Fund apparently because of a belief by the court that disability traceable back to a preexisting, dormant, nondisabling disease is not compensable even though the disease was aroused into disabling reality by a compensable injury. This belief was erroneous, because KRS 342.120(4) specifically provides for compensation chargeable against the Special Fund in such cases. The doctor's report in this case specifically found that the disease of arthritis was aroused into disabling reality by the injury.

The judgment is reversed with directions to enter judgment affirming the order of the Workmen's Compensation Board.

MONTGOMERY, J., dissenting on the ground that the notice of appeal was not timely.