Carl CABE, Commissioner, etc., Appellant,

v.

William BUSH and Workmen's Compensation Board of Kentucky, Appellees.

O'DANIEL MOTORS, INC., Appellant,

v.

William BUSH and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Feb. 23, 1968.

Stuart E. Alexander, Louisville, Thomas R. Emerson, Frankfort, for appellant Carl Cabe, Commissioner etc.

Richard I. McIntosh, John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appellant O'Daniel Motors, Inc.

Robert C. Carter, Stanley V. Benovitz, Louisville, for appellees.

WADDILL, Commissioner.

William Bush, 61 years of age, had been employed by O'Daniel Motors, Inc., since 1958 as a janitor. On September 25, 1964, while lifting a barrel of trash at his place of employment, he collapsed. Preliminary medical tests revealed he had sustained a fracture of the fifth thoracic vertebra. Later, more extensive tests disclosed multiple myeloma. The several physicians who have examined him agree that he is totally disabled.

Since Bush and O'Daniel Motors, Inc., were operating under the provisions of our Workmen's Compensation Act (KRS, Chapter 342) Bush sought compensation benefits against his employer and the Special Fund (KRS 342.120). The Workmen's Compensation Board heard the case and dismissed Bush's claim on the ground that he:

"* * * failed to prove that he received a traumatic injury by accident arising out of and within the scope of his employment with the defendant that caused or brought about or contributed to the multiple myeloma from which he was suffering."

On the appeal to the circuit court (KRS 342.285) the order of the Board denying compensation was set aside and the case remanded to the Board with directions to determine the amount of Bush's disability and to make an award allocating it in its proper proportions between the employer and the Special Fund. The circuit court made this determination upon the finding that:

"* * * there is no substantial evidence of probative value to support the Board's finding and, on the contrary, the evidence clearly establishes that the plaintiff suffered a traumatic injury by accident arising out of and within the scope of his employment with the defendant that caused a dormant non-disabling disease to be

aroused and brought into disabling reality."

O'Daniel Motors, Inc., and the Special Fund have appealed (KRS 342.290) urging that the circuit court erroneously substituted its judgment for that of the Board as to the weight of the evidence on questions of fact and that the court had incorrectly concluded that Bush had sustained a traumatic personal injury by accident as defined by KRS 342.005(1).

The testimony concerning how Bush's accident occurred is not in dispute, i.e., he collapsed while emptying a trash barrel for his employer. In light of our decisions interpreting the provisions of KRS 342.005(1), it cannot now reasonably be argued that Bush did not sustain a traumatic personal injury by accident arising out of and in the course of his employment. See City of Prestonsburg v. Gray, Ky., 341 S.W.2d 257; Wilke v. University of Louisville, Ky., 327 S.W.2d 739; Harlan Colleries [Collieries] v. Shell, Ky., 239 S.W.2d 923. Hence, we now examine the other testimony to ascertain whether the circuit court usurped the Board's function in determining that Bush's accident caused or contributed to cause his disability.

Dr. J. M. Riley, Jr., an orthopedic surgeon, examined Bush shortly after the accide and he testified that X-rays first taken revealed that Bush had sustained a destructive lesion of the fifth thoracic vertebra with minimal compression. Later, he was convinced that Bush had multiple myeloma and that this disease preexisted the occurrence of his accident. He opined that Bush would not have sustained a fracture from the amount of trauma that was placed upon the vertebra just by lifting something if he had not had a preexisting lesion. It was his opinion that the bending and lifting done by Bush actually precipitated the fracture on the particular day but, if the accident had not happened on September 25, 1964, Bush would have eventually gotten a compression fracture since he had a diseased condition of his spinal column.

Dr. Marie Keeling, an internist, examined Bush the day after his accident. This physician discovered an osteolytic appearing lesion in the body of Bush's fifth thoracic vertebra. It was this discovery that led to her subsequent positive diagnosis of multiple myeloma which she stated is a cancerous condition that originates in the bone marrow. When asked if Bush's condition was caused by his traumatic experience, Dr. Keeling replied:

"The acute condition in which I found Mr. Bush the first time I saw him, yes, I think it was caused by the incident at work. The underlying disease process, no."

Dr. W. C. Mitchell, whose practice is limited to orthopedic surgery, confirmed the previous medical finding that Bush was a myeloma victim. It was Dr. Mitchell's opinion that the injury Bush had sustained was provocative of the collapse of the fifth and sixth vertebrae.

Dr. W. W. Kotcamp, an instructor of orthopedic surgery at the University of Louisville School of Medicine, testified that he examined Bush on September 20, 1965, and found about 75 per cent of the body of the vertebra had disappeared. This physician believed 25 per cent of Bush's Disability is due to the trauma he received when lifting the trash container and 75 per cent is due to the multiple myeloma which preexisted the trauma.

The recited testimony is not in conflict because it consistently shows that Bush had a preexisting disease that was caused to become disabling by a work-connected injury. In this situation the Board should have found, as a matter of law, that Bush sustained a compensable injury and awarded

him compensation, apportioning it between his employer and the Special Fund. In Fraley v. Rusty Coal Co., Ky., 399 S.W.2d 479, which presented questions similar to those in the instant case, we said:

"The circuit court set aside the award against the Special Fund apparently because of a belief by the court that disability traceable back to a preexisting, dormant, nondisabling disease is not compensable even though the disease was aroused into disabling reality by a compensable injury. This belief was erroneous, because KRS 342.120(4) specifically provides for compensation chargeable against the ·Special Fund in such cases. The doctor's report in this case specifically found that the disease of arthritis was aroused into disabling reality by the injury."

The instant case also presents issues similar to those arising in Young v. Eastern Coal Corporation, Ky., 408 S.W.2d 464. In the latter case the basic issue was whether the compensation claimant had demonstrated by evidence that he had sustained a work-caused total disability as the result of a heart attack. We determined as a matter of law that evidence established that 50 per cent of the disability was due to a preexisting disease and the other 50 per cent was caused by the heart attack. Other cases that sustain the judgment which was entered in the instant case are Young v. Eastern Coal Corporation, Ky., supra; Johnson v. Stone, Ky., 357 S.W.2d 844; Grimes v. Goodlett & Adams, Ky., 345 S.W.2d 47; Terry v. Associated Stone Company, Ky., 334 S.W.2d 926.

We conclude that the circuit court correctly decided that Bush was entitled to an award and that it should be properly apportioned between O'Daniel Motors, Inc., and the Special Fund according to the evidence.

The judgment is affirmed.

All concur.