Willie P. ADKINS, Appellant,

v.

LIBERTY COAL COMPANY et al.,
Appellees.

Court of Appeals of Kentucky.

May 16, 1969.

M. B. Fields, Hazard, for appellant.

J. W. Craft, Jr., Hazard, for appellees.

PALMORE, Judge.

The appellant, Willie P. Adkins, suffered a heart attack while at work as a coal loader in a mine and is now totally disabled. He appeals from a judgment of the circuit court affirming the Workmen's Compensation Board's denial of his claim for benefits under KRS Chapter 342. We are of the opinion that the evidence did not establish a conclusive case in his favor and that the judgment must therefore be affirmed. KRS 342.285, 342.290.

Briefly, the evidence is as follows:

Adkins was 57 years old and had worked in the mines most of his life. During his shift on March 16, 1966, he says he was exposed to cable smoke and became ill. He tried to work the next day but was unable to do so, and was sent to a doctor. An EKG disclosed the existence of arteriosclerotic heart disease and a myocardial infarction, as diagnosed by Dr. Cordell Williams. Adkins was hospitalized for some time and never returned to work. There is no question as to his total disability.

Adkins was examined a year or so later by Dr. C. Dana Snyder. On the basis of this examination and the case history as related by Adkins, Dr. Snyder testified that in his opinion the inhalation of cable smoke on March 16, 1966, precipitated the infarction and that his ensuing disability was 25% attributable to a pre-existing arteriosclerotic condition and 75% to the incident of inhaling the cable smoke.

Testifying for the defense, Dr. Williams introduced his written report made on July 27, 1966, in which the case history made no mention of the patient's having inhaled smoke when he became ill. According to Dr. Williams, Adkins simply said that while loading coal he developed severe pain in his chest which subsided when he rested and recurred when he resumed work. Asa Pence, Adkins' foreman, testified that he knew nothing of a burning cable on March 16, 1966, that there were "none on the section," and that Adkins had not reported any such circumstance to him. More importantly, Pence said also that in a passing conversation during the week prior to March 16, 1966, Adkins had told him that he was experiencing pain or soreness in his chest and thought he might be taking a cold or flu.

Returning to the testimony given by Adkins in his own behalf, in anticipation of what Dr. Williams was expected to say with regard to his failure to mention the

smoke incident, Adkins explained as follows:

Q– "Willie, did you ever tell any of those Doctors—now I am thinking about those Doctors at Hyden and the Doctor that treated you there at the hospital, here in Hazard, that you were caught in cable smoke the day before you had your heart attack?"

A– "I didn't tell the Doctor at Hyden that because I was in such a shape. I never thought about anything like that until after I got over my worst. If I got to feeling ary bit good, I thought I was doing good then."

Q– "Actually was it, did it cross your mind about cable smoke being involved in this until you came and talked to me?"

A– "Yes."

Q– "Is that when you first thought about it?"

A– "Yes, that's right."

The only direct conflict in the evidence was presented by Adkins' testimony that Pence, the foreman, knew he "had been caught in smoke," and that he also had told Pence so, and Pence's denial.

We regard the evidential situation here as very much like that in Lee v. International Harvester Company, Ky., 373 S.W.2d 418 (1963), in which the claimant pitched his case on a single work incident and the board was not obliged to believe it. In this instance Adkins pitched his case on the inhalation of cable smoke as the circumstance precipitating his heart attack, and in the light of all the evidence we do not think the board was forced to believe the smoke incident actually occurred.

It is contended for Adkins that since Dr. Williams did not take the smoke incident into account his testimony was essentially noncommittal and had no weight one way or the other, thus leaving Adkins entitled to an award on the strength of his own evidence as if uncontradicted. Cf. Johnson v. Stone, Ky., 357 S.W.2d 844 (1962). This argument assumes the smoke incident as an admitted fact, whereas it is our conclusion that Adkins' failure to mention it, or even to think of it until he had sought legal counsel, and Pence's testimony strongly suggesting that it did not happen inject enough doubt to reduce what might otherwise have been a conclusive case to one in which the Board had reason not to be convinced on the issue of whether Adkins' work really was a causative element in his disability.

The judgment is affirmed.

All concur.