Patricia McCOWAN, Appellant,

v.

MATSUSHITA APPLIANCE COMPA-
NY; Hon. Thomas A. Nanney, Admin-
istrative Law Judge; and Workers'
Compensation Board Appellees.

No. 2001–SC–1046–WC.

Supreme Court of Kentucky.

Oct. 17, 2002.

Rehearing Denied Feb. 20, 2003.

Phillipe W. Rich, Howes & Rich, Louis-
ville, for Appellant.

Sherri Porter Brown, Ferreri & Fogle,
Lexington, for Appellees.

## OPINION OF THE COURT

KRS 342.0011(1) requires that a psycho-
logical, psychiatric, or stress-related
change in the human organism must di-
rectly result from a physical injury in or-
der to be compensable. This workers'
compensation appeal concerns whether
KRS 342.0011(1) permits compensation for
a physical change that results from mental
or emotional trauma. The Administrative
Law Judge (ALJ), Workers' Compensation
Board (Board), and Court of Appeals have
determined that it does not. We disagree
and, therefore, we reverse.

The claimant worked as a utility operator, supplying parts to co-workers on an assembly line. On November 17, 1998, the line was stopped, allegedly because it ran out of an item for which the claimant was responsible. Her supervisor indicated that she confronted the claimant because a shut down of the line was a serious matter. A heated argument ensued and, although no physical contact occurred, the claimant became increasingly upset, feeling that she was being blamed unfairly for the stoppage. She insisted that they continue the discussion in order to resolve the matter, but her supervisor refused and told her to wait until later. Frustrated, she took her concerns to the next higher level of management but was informed that her supervisor had the authority to tell her what to do. At that point, she became very upset, began crying, and went to the nurse's station. During questioning by a human resources representative, she began to experience pain, heaviness in her chest, and nausea. She was taken by ambulance to the local emergency room where it was determined that she had suffered a heart attack.

At its inception, workers' compensation coverage was limited to traumatic, accidental workplace injuries, and the courts were strict in their construction of the term "traumatic" and contemplated physical trauma. See, *Jellico Coal Co. v. Adkins,* 197 Ky. 684, 247 S.W. 972 (1923). Over time, however, the term was less strictly construed and came to include injuries that resulted from events of an unusual, unexpected, or undesigned nature. See, *Great Atlantic & Pacific Tea Co. v. Sexton,* 242 Ky. 266, 46 S.W.2d 87 (1932). It also came to include physical trauma in the form of shock, overexertion, or exposure to the elements. See, *North American Refractories Co. v. Jackson,* Ky., 346 S.W.2d 10 (1961); *Adams v. Bryant,* Ky., 274 S.W.2d 791 (1955). Eventually, heart attacks that were precipitated by physical exertion or strain came to be included. See, *Hudson v. Owens,* Ky., 439 S.W.2d 565 (1969); *Grimes v. Goodlett and Adams,* Ky., 345 S.W.2d 47 (1961); *Terry v. Associated Stone,* Ky., 334 S.W.2d 926 (1960).

In 1972, "injury" was redefined as "any work-related change in the human organism," and the word "traumatic" was removed. 1972 Acts ch. 78, § 2. Applying this definition, the Court determined that physical trauma was no longer required and, therefore, that when a dormant non-disabling mental condition was aroused by the mental exertion of work, the mental breakdown that resulted was compensable as an injury. *Yocom v. Pierce,* Ky., 534 S.W.2d 796 (1976).

In an apparent attempt to limit coverage of so-called "mental-mental" claims, KRS 342.0011(1) was amended in 1994 to require that a psychological, psychiatric, or stress-related change in the human organism must directly result from a physical injury. 1994 Ky. Acts ch. 181, Part 1, § 1. But "injury" continued to be defined as a harmful change and included harmful changes that were physical, psychological, or psychiatric. Thus, the definition permitted compensation if mental trauma or exertion caused a harmful physical change, and a harmful mental change directly resulted.

As effective December 12, 1996, KRS 342.0011(1) provides as follows:

(1) "Injury" means any work-related traumatic event or series of traumatic events, including cumulative trauma, arising out of and in the course of employment which is the proximate cause producing a harmful change in the human organism evidenced by objective medical findings. "Injury" does not include the effects of the natural aging process, and does not include any com-

municable disease unless the risk of contracting the disease is increased by the nature of the employment. "Injury" when used generally, unless the context indicates otherwise, shall include an occupational disease and damage to a prosthetic appliance, but shall not include a psychological, psychiatric, or stress-related change in the human organism, unless it is a direct result of a physical injury.

■ As we explained in *Lexington–Fayette Urban County Government v. West,* Ky., 52 S.W.3d 564, 566 (2001), the effect of this amendment is that the term "injury" now refers to the traumatic event or series of such events that causes a harmful change rather than to the harmful change, itself. Under the amended definition, a "physical injury" is an event that involves physical trauma, without regard to the type of harmful change that results. *Id.*

Both the Board and the Court of Appeals indicated that the goal of amending the definition of "injury" with regard to psychological, psychiatric, and stress-related changes was to prevent compensation for "mental-mental" claims. The majority view was that the term "stress-related" denotes physical or mental changes that result from stress. Although recognizing that the legislature may not have intended for the amendment to preclude compensation for "mental-physical" claims, the majority concluded that harmful changes that are caused by stress must directly result from a physically traumatic event in order to be compensable.

KRS 342.0011 does not define the term "stress-related," but among the synonyms for the word "stress" are: distress, strain, constraining force or influence, intense effort, exertion, pressure, and tension. See *Webster's New Collegiate Dictionary* (1975). The factor that produces stress may be physical, chemical, or emotional.

*Id.* Furthermore, when stress acts upon the human organism, physical and/or mental changes may result. *Id.*

■ The claimant asserts that although KRS 342.0011(1) requires harmful mental changes to result from a physically traumatic event in order to be compensable, it does not require harmful physical changes to do so. Noting that the last sentence of KRS 342.0011(1) refers to psychological and psychiatric changes, she maintains that the term "stress-related" was used to denote a type of mental change or disorder. She argues that the legislature sought to limit compensation based upon the type of harmful change (*i.e.,* a mental change), rather than the type of trauma that produced it. Thus, she construes KRS 342.0011(1) as requiring that mental changes, whether they be psychological, psychiatric, or stress-related, must result from a physically traumatic event. She concludes that because the harmful change that she suffered was physical, it was not "stress-related" for the purposes of KRS 342.0011(1), and KRS 342.0011(1) did not require that it directly result from a physically traumatic event.

■ As was recognized by the Board and the Court of Appeals, the apparent goal of the disputed amendment was to prevent compensation for so-called "mental-mental" claims. The legislature attempted to do so in 1994, and we are persuaded that its goal in 1996 was to do so more effectively by preventing compensation for all mental changes that resulted from mental stress or trauma, including those that resulted from a physical change. There is no indication that it intended to preclude compensation for "mental-physical" claims as well. Furthermore, had that been the legislature's intent, it would have defined "injury" as a work-related physically traumatic event, thereby pre-

cluding both "mental-mental" and "mental-physical" claims. But it did not. In view of this and of the fact that the last sentence of KRS 342.0011(1) refers to psychological and psychiatric changes but not to physical changes, we are convinced that by including the term "stress-related," the legislature intended to denote another type of mental condition. We conclude, therefore, that the last sentence of KRS 342.0011(1) applies only to mental changes and requires that such changes must directly result from a physically traumatic event in order to be compensable.

Although the trauma that the claimant experienced was emotional rather than physical in nature, the harmful changes for which she sought compensation included the heart attack and its consequences. Thus, the last sentence of KRS 342.0011(1) did not apply to her claim, and the decision to the contrary was erroneous as a matter of law. Under those circumstances, the claim must be remanded to the ALJ for further consideration.

The decision of the Court of Appeals is reversed, and this matter is remanded to the ALJ for additional findings of fact and conclusions of law.

LAMBERT, C.J., and GRAVES, KELLER, and STUMBO, JJ., concur.

COOPER, JOHNSTONE and WINTERSHEIMER, JJ., join in a separate dissenting opinion.

### Dissenting Opinion

KRS 342.0011(1) requires that a psychological, psychiatric, or stress-related change in the human organism must directly result from a physical injury in order to be compensable but does not define the term "stress-related." With regard to the meaning of a statutory term that is not defined, KRS 446.080(4) provides as follows:

All words and phrases shall be construed according to the common and approved usage of language, but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such meaning.

The majority points out that synonyms for the word "stress" are: distress, strain, constraining force or influence, intense effort, exertion, pressure, and tension. See *Webster's New Collegiate Dictionary* (1975). The majority recognizes that physical, chemical, or emotional factors may produce stress. Furthermore, it recognizes that either physical or mental changes may result from stress. Yet, although "stress-related" is neither a technical term nor a legal term of art, the majority ignores the dictionary definition and concludes that the term refers to a type of mental condition.

The plain meaning of the words that are employed in KRS 342.0011(1) indicates that a stress-related change is a change that is caused by stress, regardless of whether the stressor is physical, mental, or emotional and regardless of whether the change, itself, is physical or mental. Thus, KRS 342.0011(1) requires that a harmful change that is psychological, psychiatric, or stress-related must result from an event that involves physical rather than mental or emotional trauma in order to be compensable. Harmful changes that result from physical stress or exertion may be viewed as being the product of physical trauma and, therefore, as being compensable; however, harmful changes that result from mental or emotional stress do not come within the 1996 definition of "injury" unless they are the product of a physically traumatic event. See *Lexington–Fayette Urban County Government v. West,* Ky., 52 S.W.3d 564 (2001).

The harmful changes for which the claimant sought compensation included the heart attack and its consequences. Although there was evidence that those changes were precipitated by work-related events, it is undisputed that the underlying trauma was emotional rather than physical in nature. Under those circumstances, the harmful changes that resulted were not compensable. Thus, the decision of the Court of Appeals should be affirmed.

COOPER, JOHNSTONE, WINTERSHEIMER, JJ., join.