RENDERED: SEPTEMBER 2, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0710-WC

JONATHAN SIZEMORE　　　　　　　　　　　　　　　　　APPELLANT

　　　　　　　　　　PETITION FOR REVIEW OF A DECISION
v.　　　　　　　　OF THE WORKERS' COMPENSATION BOARD
　　　　　　　　　　ACTION NO. WC-21-00620

KENTUCKY STATE POLICE;
HONORABLE JOHN HAMPTON
MCCRACKEN, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD　　　　　　　　　　　　　　　　　APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND COMBS, JUDGES.

COMBS, JUDGE: Appellant, Jonathan Sizemore, appeals from an opinion of the

Workers' Compensation Board affirming the dismissal of his claim by the

Administrative Law Judge (ALJ). After our review, we affirm.

On April 24, 2021, Sizemore filed an Application for Resolution of Injury Claim (Form 101) alleging that on June 5, 2020, he was injured within the course and scope of his employment by the Appellee, Kentucky State Police (KSP). Sizemore alleged post-traumatic stress disorder (PTSD) as well as injuries to his back and left shoulder. He claimed that the cause of his injuries was cumulative trauma.

The Board's May 27, 2022, opinion provides a concise summary of the relevant underlying facts:

> Sizemore began working for the KSP in September 2007, and last worked there as a sergeant. Prior to his promotion to sergeant, Sizemore served on the Special Response Team ("SRT") as a sniper . . . . He worked as a "road" trooper prior to working for the SRT. **Sizemore last worked with the KSP on June 5, 2020 when he was taken off work due to a hospitalization for depression and alcoholism**. . . . He receives disability retirement benefits from the KSP.
>
> . . . .
>
> **Sizemore injured his left shoulder in 2015 while lifting weights as part of a physical conditioning program for the KSP**. He ultimately had surgery for the left shoulder injury. He was advised the condition is work-related when he first sought treatment. He testified the left shoulder was again painful after he fell down an embankment in 2019. **He did not file a Form 101 for the 2015 shoulder injury**.
>
> **Sizemore experienced low back pain in 2016 when he was removing something from a shelf, and he experienced a popping sensation**, resulting in pain from

his low back to his left foot. . . . [H]e was seen by Dr. James Bean . . . [who] advised him his low back condition was work-related. He continued experiencing low back pain . . . and **he didn't file a Form 101 for that injury**. He testified he reinjured his low back in 2019 when he fell down an embankment while pursuing a suspect. He has had no physical therapy since 2016. . . . He has had no treatment referral for his low back since the 2019 incident. He attributes his ongoing low back pain to wearing body armor while employed with the KSP. . . .

**Sizemore began treating for psychological problems in 2013 after a shoot-out** . . . . He **was not physically harmed in that incident**. Since that event and due to other similar traumatic events, he has had panic attacks. Sizemore has been diagnosed with depression, PTSD, and alcoholism stemming from the mentally traumatic events and images he experienced while working with the KSP.

(Board Opinion, pp. 2-4) (emphases added).

Sizemore testified by deposition and at the final hearing. He filed reports and supplemental reports from Dr. William Kennedy, an orthopedic surgeon, and Jennifer Hale, M.A., a licensed psychological associate. KSP submitted reports from Dr. Rick Lyon, an orthopedic surgeon, and Dr. Tim Allen, a psychiatrist, who both evaluated Sizemore at KSP's request.

By opinion and order rendered on January 13, 2021, the ALJ dismissed Sizemore's claim, explaining as follows:

Sizemore testified that he sustained specific injury to his left shoulder and low back in 2015 and 2016. One incident involved lifting weights and another involved

-3-

lifting that caused injury to his low back and later numbness into the foot.

Sizemore testified that in 2019 he fell down an embankment and reinjured his back and left shoulder. Again, this is a specific injury, not injury from cumulative trauma.

. . . .

The ALJ disagrees with Dr. Kennedy that Sizemore's job activities were repetitive in nature such that they caused cumulative trauma injury to the left shoulder and back.

The ALJ relies on Dr. Lyon to find that Sizemore has not met his burden to prove that he sustained work-related cumulative trauma injury to his left shoulder or back. The ALJ relies on Sizemore and Dr. Lyon to find that his medical conditions relating to the left shoulder and back were caused by specific acute incidents in 2015/2016 and 2019. He did not file a claim within two years of the occurrence of those incidents and therefore his statute of limitations has expired on those claims. KRS[1] 342.185. The ALJ dismisses Sizemore's claims for physical injury based upon cumulative trauma.

(ALJ Opinion and Order, pp. 11-12.)

The ALJ also dismissed Sizemore's claim for a psychological injury

and explained that:

A psychiatric condition may be found compensable where it is the direct result of a work-related event involving physical trauma, regardless of whether the trauma produces a harmful physical change to the human organism. Lexington Fayette Urban County Government v. West, 52 S.W.3d 564 (Ky. 2001)

---

[1] Kentucky Revised Statutes.

and <u>McGowan v. Matsushita Appliance Company</u>, 95 S.W.3d 30 (Ky. 2003); KRS 342.0011(1).

. . . Sizemore did not sustain work-related cumulative trauma injuries to his left shoulder or back as a result of his work with KSP. . . . [H]is medical issues related specifically to the acute injuries he sustained in 2015/2016 and 2019 to the left shoulder and back. Any of those events could have supported a claim for psychiatric injury. However, . . . the statute of limitations ran as to those events as no claims were filed within two years of their accrual. Therefore, the ALJ has no choice but to dismiss his claims for psychological injury as a result of any physical injury occurring while employed with KSP.

(*Id.* at 12.)

Sizemore filed a petition for reconsideration, which the ALJ denied by order entered on February 10, 2022, reasoning as follows:

Plaintiff states that the language contained in the Opinion and Order that the specific injury events in 2015/2016 or 2019 could have supported a claim for psychiatric injury [*sic*]. However, no claim for a specific acute injury was filed, only claims for cumulative trauma. The ALJ dismissed the cumulative trauma claims. The ALJ noted in the Opinion and Order that Jennifer Hale, M.A. did not associated Sizmore's [*sic*] PTSD or alcohol abuse with any physical injury. The ALJ did not find any mention of the acute injury in 2019 either as a basis for his PTSD, or that he even mentioned it to her when providing her a history. Even if Sizemore had filed a claim for specific injury from the 2019 incident, Hale did not relate his PTSD to that event.

Sizemore appealed to the Board, which affirmed by opinion entered on May 27, 2022, as follows:

On appeal, Sizemore argues the ALJ erred in finding the statute of limitations had expired for his 2015, 2016, and 2019 left shoulder and low back injuries. He additionally argues the ALJ erred in finding Ms. Hale failed to associate his PTSD or alcohol abuse with any physical injury.

Sizemore, as the claimant . . . had the burden of proving each of the essential elements of his cause of action. Snawder v. Stice, 576 S.W.2d 276 (Ky. App. 1979). Since he was unsuccessful before the ALJ, the question on appeal is whether the evidence compels a different result. Wolf Creek Collieries v. Crum, 673 S.W.2d 735 (Ky. App. 1984). . . .

. . . .

**We first determine the ALJ did not err in finding Sizemore did not sustain injuries caused by cumulative or repetitive trauma. The testimony and medical evidence support the finding that Sizemore sustained acute injuries to the left shoulder in 2015 and the low back in 2016, but he did not timely file a claim for either injury**. KRS 342.185(1) bars a claim for an acute injury if it is not filed within two years of the date of accident, or within two years after the last payment of temporary total disability benefits, whichever is later. **Since Sizemore's claim was not timely filed for either of those incidents, and because the ALJ determined he did not have injuries caused by cumulative trauma, we affirm**.

(Board Opinion, pp. 13-14) (emphases added).

The Board further explained that although Sizemore could have timely filed a claim for the 2019 incident, he never amended his Form 101 to do so. Moreover, the Board stated:

-6-

Even if Sizemore had amended his claim to include the 2019 incident, the ALJ was not compelled to determine he sustained a compensable injury due to that event. Sizemore returned to work and continued performing his duties as a sergeant for the KSP until he left work in June 2020 due to problems with alcoholism and PTSD.

(*Id.* at 15.)

The Board also concluded that the ALJ did not err in dismissing Sizemore's claims for a psychological injury:

KRS 342.0011(1) defines injury as follows:

"Injury" means any work-related traumatic event or series of traumatic events, including cumulative trauma, arising out of and in the course of employment which is the proximate cause producing a harmful change in the human organism evidenced by objective medical findings. . . . **but shall not include a psychological, psychiatric, or stress-related change in the human organism, unless it is a direct result of a physical injury**; . . . .

[W]hile Sizemore clearly has psychological issues with PTSD and alcohol addiction, the evidence only supports a finding that those conditions were caused by emotional trauma associated with his work, and do not result from the physical trauma. There is no evidence supporting a connection between the psychological condition or treatment and a physical injury he may have sustained while working for the KSP.

We find the ALJ did not err in determining Ms. Hale did not link Sizemore's psychological problems to any physical injury. Although her report and supplemental note reference work-related trauma, a complete review of those documents only establishes she

-7-

was indicating emotional trauma, not associated with any physical injury Sizemore may have sustained while working. We therefore determine the ALJ did not err in dismissing Sizemore's psychological claim . . . .

(*Id.* at 15-16) (emphasis original).

Sizemore appeals. In essence, he reargues his case. Thirty years ago, our Supreme Court explained in *West Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992), that "[t]he function of further review of the [Board] in the Court of Appeals is to correct the Board only where [this] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice."

We perceive no such error in the case before us. Sizemore bore the burden of proof, and he was unsuccessful before the ALJ. Thus, "the question before the court is whether the evidence was so overwhelming, upon consideration of the entire record, as to have compelled a finding in his favor." *Wolf Creek*, *supra*, at 736. After our review of the record, we are satisfied that the evidence does not compel a different result.

In dismissing Sizemore's claims for physical injury based upon cumulative trauma, the ALJ relied upon Dr. Lyon. Dr. Lyon opined that Sizemore's "left shoulder symptoms/pathology are a result of a specific work event

in January 2015 and not a result of work-related cumulative trauma." Dr. Lyon

also evaluated Sizemore's lumbar spine complaints and explained that:

> Sizemore and the medical records confirm the injury in
> February 2016 after which he has continued to
> experience back pain and radicular symptoms, it is my
> opinion the back and radicular symptoms are a result of
> the specific work event and not a result of work-related
> cumulative trauma.

Dr. Lyon further opined that Sizemore did not demonstrate any objective evidence

of a permanent harmful change as a result of work-related cumulative trauma.

Sizemore alleged only cumulative trauma on the Form 101. He never

amended his claim to include a specific injury on November 24, 2019, and -- as the

Board observed -- even had he done so, the evidence would not have **compelled a**

finding in his favor.

No evidence linked Sizemore's psychological problems to any

physical injury. Although Ms. Hale may have checked the box "Yes" on the Form

107 report in response to the question, "is plaintiff/employee's psychological

condition the direct result of the physical work-related injury[,]" the Form 107

report does not describe a specific injury occurring on November 24, 2019, or

otherwise. Nor does Ms. Hale's accompanying narrative report. Instead, the Form

107 only reflects that the history related was that Sizemore "presents with a history

of PTSD and severe alcohol abuse as a result of traumatic events that occurred

while employed with the KY State Police."

Sizemore argues that the claim should not have been dismissed based on the statute of limitations because it was filed within a year of his "last injurious exposure[.]"  However, that argument is unpersuasive.  The statutory language which Sizemore quotes at page 13 of his petition for review is taken from KRS 342.185(3) which provides as follows:

> The right to compensation under this chapter resulting from work-related exposure to cumulative trauma injury shall be barred unless notice of the cumulative trauma injury is given within two (2) years from the date the employee is told by a physician that the cumulative trauma injury is work-related.

That statute specifically governing cumulative trauma claims is inapplicable due to the Board's determination that cumulative trauma did not occur in this case.

We affirm the opinion of the Workers' Compensation Board.

ALL CONCUR.

BRIEF FOR APPELLANT:

Daniel F. Dotson
Whitesburg, Kentucky

BRIEF FOR APPELLEE
KENTUCKY STATE POLICE:

Lee Jones
Pikeville, Kentucky